DALLETT (PALMER v.). See Case No. 10,-689.

## Case No. 3,546.
DALLMEYER v. FARMERS'. MERCHANTS' & MANUFACTURERS' FIRE INS. CO.

[4 Cent. Law J. 464, note.] [1]

Circuit Court, W. D. Missouri. April Term, 1877.

JURISDICTION — FOREIGN CORPORATIONS — DEFECTIVE SERVICE OF PROCESS—WAIVER.

[1. Jurisdiction is not acquired of a foreign corporation by service of process upon an agent designated by it to receive process in pursuance of a state statute.
[Cited in Schollenberger v. Phoenix Ins. Co., Case No. 12,476.]
[2. A demurrer to a petition on the ground that it does not set forth facts sufficient to constitute a cause of action is an appearance which cures defective service of process.]

At law.
The plaintiff in this case is a citizen of the western district of Missouri. and the defendant is a corporation created under the laws of the state of Ohio. The plaintiff had a summons issued, directed to the marshal of the eastern district of Missouri; and the same was served on the agent of the defendant corporation. appointed under the provisions of section 4 of the act of the general assembly of Missouri, approved March 23, 1874, which requires all foreign insurance

companies doing business in this state "to file with the superintendent of the insurance department a written instrument or power of attorney, duly signed or sealed, authorizing some person, who shall be a citizen of this state, to acknowledge or receive service of process for and in behalf of such company in this state, and consenting that service of process upon such agent or attorney shall be taken and held to be as valid as if served upon the company according to the laws of this or any other state; whether such process is issued by any of the courts of this state or any of the courts of the United States."

At the return term the defendant filed a demurrer, first, to the jurisdiction of the court, on the ground that the defendant was not found here, and was not an "inhabitant" of the district when served with the process of the court, and, second, that the petition did not state facts sufficient to constitute a cause of action. The court sustained the demurrer as to the first ground of objection, but held that the second ground of objection,—viz., to the petition,—was such an "appearance" in the case as to place the defendant in court for all purposes, and the demurrer was accordingly overruled. The court, on this point, cited Rippstein v. St. Louis Mutual Life Ins. Co., 57 Mo. 86.

[NOTE. This case is published in 4 Cent. Law J. 464, as a note to Stillwell v. Empire Fire Ins. Co., Case No. 13,449. Nowhere more fully reported.]