## Case No. 13,449.

STILLWELL et al. v. EMPIRE FIRE INS. CO.

[4 Cent. Law J. 463.] [1]

Circuit Court, E. D. Pennsylvania. 1877.

SERVICE OF PROCESS—FOREIGN CORPORATION—IN-HABITANT OF OR FOUND WITHIN STATE.

Plaintiffs, citizens of the state of Arkansas, brought suit against the defendant, a corporation created under the laws of the state of Illinois, on a policy issued by it in the state of Arkansas upon property there situated. A statute of this state requires every insurance company, not of the state, to file with the auditor a written stipulation, agreeing that all legal process affecting them, served on the auditor or agent within the state, should have the same effect as if served on the company; and the summons in this case was served as required by the act. Held, that such service was not sufficient, the defendant not being by virtue of the act an "inhabitant" of, or "found" within the state, as required by the act of March 3, 1875 [18 Stat. 470].

[Cited in Schollenberger v. Phœnix Ins. Co., Case No. 12,476; Ex parte Schollenberger, 96 U. S. 378; Runkle v. Lamar Ins. Co., 2 Fed. 11.]

The plaintiffs, citizens of the state of Arkansas, brought this action in this court against the Empire Insurance Company, a corporation created under the laws of the state of Illinois, to recover under a fire policy issued by the defendant in the state of Arkansas upon property therein situate, and which is alleged to have been destroyed by fire, so as, by the terms of the policy, to impose a liability upon the defendant company. The summons was served upon the local agent of the company residing at Little Rock,. and also upon John Crawford, Esq., the auditor of the state of Arkansas. By the legislation of the state of Arkansas, it is provided that "no insurance company, not of this state, nor its agents, shall do business in this state until it has filed with the auditor of this state a written stipulation, duly authenticated by the company, agreeing that any legal process affecting the company, served on the auditor, or the agent specified by the said company to receive service of process for the company, shall have the same effect as if served personally on the company within the state." Gantt's Dig. § 3561, as amended by Laws 1875, p. 190. It is admitted that the summons was served as required by this act. The company has entered no appearance, and the case is before the court on a motion for a default for want of an answer.

N. & J. Erb and Benjamin & Barnes, for plaintiffs.

U. M. Rose and E. W. Kimball, special appearance for defendant.

DILLON, Circuit Judge. By the judiciary act of 1789, § 11 [1 Stat. 78], it was provided that no civil suit shall be brought in the circuit court against any person, by any original process or proceeding in any other dis-

[1] [Reprinted by permission.]

trict than that whereof he is an inhabitant or in which he shall be found, at the time of serving such process or commencing such proceeding. This provision was re-enacted, without change, in the act of March 3, 1875, § 1. The question before the court comes precisely to this: Was the defendant company, under the facts appearing in the statement of the case, an inhabitant of, or found in this district, within the true meaning of the above provision, relating to the jurisdiction of the circuit court?

If we were not foreclosed by the decisions which have been made upon the nature and powers of corporations, and as to the effect of the judiciary act in question, we should feel strongly inclined to hold that the true doctrine is, that for jurisdictional purposes a corporation is a citizen of the state by whose authority it was created, and an inhabitant of any other state under whose laws it established a place of business, and, as respects suits growing out of such business, agreed, as in this case, to submit itself to the jurisdiction and laws of such state. When corporations, created by foreign governments or by other states, come into this state and establish an agency for the transaction of their business therein with the citizens of this state, justice to the latter requires that such corporations should, as respects contracts here made and acts done in the prosecution of such business, be subject to the laws and jurisdiction of the state.

The reasonableness of the provisions of the law of this state, requiring foreign insurance companies doing business therein to submit to the jurisdiction of the courts of the state, is manifest. Lafayette Ins. Co. v. French, 18 How. [59 U. S.] 404; French v. Lafayette Ins. Co. [Case No. 5,102]. But the question is, whether this has the effect to make such companies "inhabitants" of the state, or "found" within it, in the meaning of the aforementioned provision concerning the jurisdiction of this court. In view of the decisions of the supreme and circuit courts, we are obliged to resolve this inquiry in the negative. These decisions treat a corporation as strictly local and necessarily confined as to personality, so to phrase it, to the territorial jurisdiction of the state which creates it. In the leading case on this subject—Bank of Augusta v. Earle, 13 Pet. [38 U. S.] 588— Chief Justice Taney expressly says "that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created: where that law ceases to operate, and is no longer obligatory, the corporation can have no existence. It must dwell in the place of its creation, and can not migrate to another sovereignty," although it has power, when authorized by its charter and by comity, to make contracts and incur obligations in another state. This language, and the principle which it asserts, have been frequently approved by the same court in subsequent cases coming down to a quite recent date. Applying this doctrine, the circuit courts have held, under the judiciary act, that they could acquire no jurisdiction over the corporation of another state by service of process upon its officers passing through or found within it, on the principle that the officers are not the corporation, and finding and serving them is not equivalent to finding and serving the corporation itself. Day v. Newark India Rubber Co. [Case No. 3,685]. This view is undoubtedly sound. But the same doctrine has been extended and applied to cases like the present, in which the state only allows a foreign corporation to do business on the express condition of agreeing to be sued in the state, and that such suits should have the same effect as if process had been served personally upon the corporation within the state. It was so held by an eminent judge (Mr. Justice Nelson) in Pomeroy v. New York & N. H. R. Co. [Id. 11,261]. And the same result was reached in Southern & A. Tel. Co. v. New Orleans, etc., R. Co. [Id. 13,185]. This view of the law has been generally accepted and acted upon by the profession, and this is the third case in seven years in this circuit in which it has been attempted by the service of original process on the agents of foreign corporations to acquire jurisdiction over the corporations themselves.

The circuitous process has been adopted of bringing such suits in the state courts and then removing them to this court. This discloses a defect in the jurisdiction of the circuit courts; but it is one which has existed since the organization of such courts. It was not changed or remedied in the act of 1872 [17 Stat. 378], providing for the first time for service in certain cases out of the jurisdiction, nor by the act of 1875, which so greatly enlarged the jurisdiction of the circuit courts. The decisions to which we have referred were well known to the profession and to congress, when the acts of 1872 and 1875 were passed; and as no change was made in the language of the act upon which the present question depends, the court does not feel justified in upholding the jurisdiction, however reasonable, upon principle, it might seem to it to do so.

NOTE. Precisely the same question arose at the April term, 1877, of the United States circuit court, for the Western district of Missouri, in Dallmeyer v. Farmers', Merchants' & Manufacturers' Fire Ins. Co. [Case No. 3,546]. The plaintiff in this case is a citizen of the Western district of Missouri, and the defendant is a corporation created under the laws of the state of Ohio. The plaintiff had a summons issued, directed to the marshal of the Eastern district of Missouri; and the same was served on the agent of the defendant corporation, appointed under the provisions of section 4 of the act of the general assembly of Missouri, approved March 23, 1874 [Laws 1874, p. 75], which requires all foreign insurance companies doing business in this state, "to file with the superintendent of the insurance department a written instrument or power of attorney, duly signed and sealed, authorizing some person, who shall be a citizen of this state, to acknowledge or re-

ceive service of process for and in behalf of such company in this state, and consenting that service of process upon such agent or attorney shall be taken and held to be as valid. as if served upon the company according to the laws of this or of any other state; whether such process is issued by any of the courts of this state or any of the courts of the United States, having jurisdiction within this state." At the return term the defendant filed a demurrer—First, to the jurisdiction of the court, on the ground that the defendant was not "found" here, and was not an "inhabitant" of the district when served with the process of the court; and, second, that the petition did not state facts sufficient to constitute a cause of action. The court sustained the demurrer as to the first ground of objection, but held that the second ground of objection—viz., to the petition—was such an "appearance" in the case, as to place the defendant in court for all purposes, and the demurrer was accordingly overruled. The court, on this point, cited Rippstein v. St. Louis Mutual Life Ins. Co., 57 Mo. 86.