### KINGMAN-ST. LOUIS IMPLEMENT COMPANY, Respondent, v. BANTLEY BROS. HARDWARE COMPANY, Appellant.

**St. Louis Court of Appeals. Submitted March 29, 1909. Opinion filed April 6, 1909.**

1. **JURISDICTION: Pleading: Waiver.** Where a want of jurisdiction of the person appears on the face of the record, the defendant must take advantage of it by demurrer; and in such case, by pleading to the merits, the defendant waives the defect.

2. ———: ———: **Joining Plea to the Jurisdiction with Plea in Bar: Waiver.** But where there is want of jurisdiction over the person of the defendant not shown by the pleadings, the defendant by joining a plea to the jurisdiction with a plea in bar to the merits of the case, does not waive his defense of want of jurisdiction.

3. ———: **Corporations: Where Cause of Action Accrued.** In an action against a corporation on a contract, the county where the contract was made and was to be performed is the county where the cause of action accrued and the proper venue of the cause of action. Where an order for a wagon was dated in Laclede county, Missouri, addressed to an implement company in St. Louis, Missouri, for a wagon to be shipped to Laclede county from a factory in Illinois, the cause of action arose in Laclede county so as to make the venue there.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

REVERSED AND REMANDED.

*E. N. Robinson* and *Morton Jourdan* for appellant.

The single question in this case is whether under section 997, Revised Statutes 1899, the court had jurisdiction of the cause of action. It is contended that under this section "Suits against corporations shall be commenced either in the county where the cause of action accrued, or in any county where such corporation shall have or usually keep an office or agent for the transaction of their usual and customary business"; that the cause of action accrued in Laclede county, Missouri, and that the jurisdiction was there, and not in St. Louis City; that the cause of action accrued at the place where it first came into existence. Hence the demurrer should have been given. Insurance Co. v. Shelton, 84 Mo. App. 634; Rippenstein v. Insurance Co., 57 Mo. 86, 25 Cyc. 1067, 1066, note 9; Land Co. v. Lombard, 132 Fed. 750.

*Sturdevant & Sturdevant* for respondent.

(1) The defendant's contention that the cause of action sued on by plaintiff in this case did not accrue in the city of St. Louis is not supported either by the facts or the law. The petition shows upon its face to be one over which the court has jurisdiction, and the defendant therefore must rely upon facts *aliunde* to impeach the jurisdiction of the court. The evidence is clearly against the contention of defendant, but absolutely establishes the fact that the cause of action sued on accrued in the city of St. Louis, and, therefore, plaintiff had a right to file its suit in this jurisdiction and issue summons to any county in this State, where the defendant could legally be served with summons. The statute applicable to such cases has frequently been construed by the courts of this and other States, and supports the contention of the plaintiff. Mikel v. St. Louis, etc., 54 Mo. 145; Bankers v. Shelton, 84 Mo. App. 634; Repstein v. St. Louis, 57 Mo. 86; Altman v. Holmer, 68 Fed. 467; Shuenfelt v. Junkermann, 20 Fed. 357;

Glascock v. Louisville, etc., 103 S. W. 320; Pipkin v. National Loan and Investment Co., 80 Mo. App. 6; Bente v. Typewriter Co., 116 Mo. App. 77. (2) In the absence of any agreement on the subject, a debt is payable where the creditor resides, and where no place of payment is fixed, the debtor must seek the creditor, if he be within the State, and make payment to him in person. Mechem on Sales, sec. 1417, and case cited; Stewart v. Ellice, 2 Paige 602; Pomeroy v. Ainsworth, 22 Barb. 181; King v. Ruckman, 20 N. J. E. 316; Roberts v. Insurance Co., 26 Mo. App. 92; Thomason v. Insurance Co., 114 Mo. App. 112. (3) Where an action is brought against a corporation in the county in which the cause of action accrued, the summons in such case may be directed to any county in which it may be served, according to section 995, Revised Statutes. This is clearly apparent from the statute itself, and has been sanctioned and approved in the following cases: Roberts v. Insurance Co., 26 Mo. App. 92; Bente v. Typewriter Co., 106 Mo. App. 77.

STATEMENT.—Plaintiff, a corporation organized under the laws of Illinois but licensed to do business in this State, having its chief offices and place of business in the city of St. Louis, instituted suit in the circuit court of the city of St. Louis on an account, the principal and interest of which amounted to $90.48, this being the balance claimed, with interest, due on the purchase price of certain wagons sold by plaintiff to the defendant. In the petition it is stated that the cause of action arose in the city of St. Louis; that the contract out of which the account arose was made in the city of St. Louis; that the contract was accepted in the city of St. Louis and that the amount payable thereon was payable in that city. It is also alleged that the defendant corporation has its principal office and place of business in the city of Lebanon, Laclede county, Missouri, that its president and chief officers reside in that city and that not,

withstanding the cause of action arose wholly within the city of St. Louis, the defendant, its officers and agents reside in the city of Lebanon. Wherefore plaintiff prayed summons for the defendant, directed to the sheriff of Laclede county, also praying judgment for $90.48, with interest and costs. The summons issued to the sheriff of the city of St. Louis was returned not found. Thereupon summons issued to the sheriff of Laclede county, which was returned properly served upon the president of the defendant in Laclede county.

The answer set up a plea to the jurisdiction of the St. Louis Circuit Court over the cause of action, averring the residence of the defendant in Laclede county; its incorporation under the laws of this State; that it had never had an office or agent for the transaction of its business in St. Louis; and that all the transactions complained of and set forth in the petition were carried on at its usual place of business at Lebanon, in Laclede county, and that whatever cause of action, if any, plaintiff had, accrued in the city of Lebanon, county of Laclede, State of Missouri, and not in the city of St. Louis; that the contract upon which the balance was claimed to be due was made and entered into in Lebanon; that all of the accounts between plaintiff and defendant were payable in Lebanon, and that all the transactions and dealings between plaintiff and defendant arose and were carried on at Lebanon and not in the city of St. Louis. Further answering defendant denied each and every allegation in the petition, except as otherwise admitted in the foregoing paragraph of the answer, and denied that it was indebted to plaintiff in the sum claimed or any other sum.

At the trial what is called a "farm wagon contract," was introduced in evidence by plaintiff, which is addressed to Kingman-St. Louis Implement Company, St. Louis, Mo., and dated at Lebanon, Missouri, May 20, 1905. By this contract defendant ordered of plaintiff twenty-five Bain wagons, at a set price, to be shipped

by the Frisco Railroad to Lebanon, Missouri.   It is set out in the contract that the buyer "agrees to pay as above in par funds at St. Louis."   It is further provided that the title to the goods shipped to the buyer is to remain in plaintiff until it receives the money therefor, and that no agreements, conditions or stipulations, verbal or otherwise, save those mentioned in the order will be recognized.   The contract concludes in this way: "This order is taken subject to the approval of King-man-St. Louis Implement Company.   If notice to the contrary is not given within thirty days after the receipt of order at its office in St. Louis, Mo., it will be understood that the order is accepted."

There was also introduced in evidence a bill of lading by which it appears that a carload of wagons was shipped from Kenosha, Wisconsin, to the defendant at Lebanon, Mo., the shipment going from Kenosha via the Chicago & Northwestern to Chicago, thence from Chicago via the Chicago & Eastern Illinois to Thebes, and from Thebes to Lebanon via the 'Frisco.   The shipper named in the bill of lading was the Bain Wagon Company (Limited), the bill of lading being dated at Milwaukee, Wisconsin, the defendant being the consignee named.

The only witness introduced was the credit man of the plaintiff, who testified that he had charge of the books of the plaintiff from 1905 on; at that time, that is, in 1905, had the title of cashier.   Shown the sales contract referred to, he identified it as one of the papers found in the office of plaintiff at St. Louis, and he testified that it came to plaintiff through the mail in the regular way, being received by plaintiff at St. Louis, and that he "had answered it."   Shown the account, he testified that the balance due on it was $90.48; that payments had been credited on the account, which was originally for $1,335, and that they had been received at the office of plaintiff in St. Louis; that they came in the form of checks which were deposited by plaintiff in its

bank in St. Louis. He identified the bill of lading as is-
sued to the Bain Wagon Company, and said that as the
goods were charged to plaintiff the Bain Wagon Com-
pany had sent the bill of lading to that company. On
cross-examination witness stated that mail received at
the office of plaintiff in St. Louis was opened by the
manager or assistant manager; at the date of this trans-
action the manager was a Mr. Burns. This farm wagon
contract was found among the papers of the plaintiff
and that that is all he knows about it. It was in the
handwriting, he testified, of one Jones, who was a travel-
ing salesman for plaintiff at the date of the contract,
travelling in the territory embracing Lebanon. Jones
had taken the order at Lebanon and mailed it to the
plaintiff, that is Jones had been in Lebanon; went to
see the defendant company or its president to sell them
goods; made this contract and mailed it to the house at
St. Louis. The contract is on one of their usual blanks.
Payments were made by checks, mailed from Lebanon,
Missouri, by the defendant, were local checks as he re-
members, that is, checks drawn on the bank at Lebanon
and deposited by plaintiff, in the customary and usual
way of business, in its bank at St. Louis and were trans-
mitted by the St. Louis to the Lebanon bank for pay-
ment, as he supposes. On redirect examination this
witness said he did not know anything about the farm
wagon contract in the case, could not make out the sig-
nature on it, could not say whether anything of that
kind was ever mailed to the office of plaintiff or re-
ceived at the office of the plaintiff, and had never seen
the contract or anything like it until shown it at the
trial. Referring to his ledger, which he had with him,
and asking if there was anything to identify the trans-
action by the ledger, he said that the only thing he could
see was the same amount of wagons that were called for
in the contract and the same terms. There were twenty-
five wagons ordered under this contract and it is for the
balance due on them that the suit is brought. It was ad-

mitted that the plaintiff was licensed to do business in this State as a foreign corporation. This is all the testimony in the case.

The trial was before the court without a jury. The defendant asked a declaration to the effect that under the law and evidence the plaintiff was not entitled to recover and the finding should be for defendant. This was refused; finding for plaintiff and judgment accordingly. Motion for new trial was duly filed, overruled and exception saved. Defendant appeals.

REYNOLDS, P. J. (after stating the facts).—Ordinarily we would be bound by the finding of the court on the facts and that would compel an affirmance. It is not submitted to us on that theory, however, by either party, the contention being that the trial court erred in law, on the question of jurisdiction over the cause of action. It is contended by plaintiff that by appearing and participating in the trial and by filing an answer which joined with the plea in abatement one in bar, that the defendant lost the benefit of the former. It will be observed that it is distinctly averred in the petition that the contract was made in St. Louis; that the cause of action originated in St. Louis; and that, therefore, the venue of the cause was in that city. With this allegation in the petition the defendant could not demur. The only way that it could possibly reach it under our code was by answer, and it did that, denying the jurisdictional averments. It coupled that plea with a denial of the indebtedness and went to trial, practically not disputing the debt, but resting on that part of its answer which denied jurisdiction. While there has been a great deal of contention over this form of pleading, we are all of the opinion that the decision of our Supreme Court in the case of Little v. Harrington, 71 Mo. 390, settles this case. In that decision, Judge SHERWOOD, speaking for the court and referring to the provision of the statute, that "the only pleading on the part of the defendant, is

either a demurrer or an answer" (R. S. 1899, sec. 596), and to the subsequent provision in section 605, that "the defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both," quotes from Bliss on Code Pleading, sec. 345, to the effect that matter in abatement is as much a defense to the pending action as matter in bar and to say that the defendant may reserve the latter until a trial shall have been had upon the issues, in regard to the former, would interpolate what is not in the statute and would be inconsistent with its plain and simple requirements. Referring to Rippstein v. Insurance Co., 57 Mo. 86, and Fordyce v. Hathorn, 57 Mo. 120, as holding to the contrary, the court overrules them as founded on the common law rule existing in this State before the adoption of the code, but abrogated by the code.

In Coombs Commission Co. v. Block, 130 Mo. 668, the question again came up, and the doctrine announced in Little v. Harrington, *supra,* was approved and followed, the Rippstein and Fordyce cases being referred to as disapproved in that case.

In Johnson v. Detrick, 152 Mo. l. c. 253, it was laid down that a plea to the jurisdiction, even when coupled with a plea to the merits, is permissible under our code, and that the latter plea does not, as at common law, waive the former.

In Meyer v. Insurance Co., 184 Mo. 481, l. c. 487, Judge MARSHALL, speaking for Division No. 1, holds that under the present practice in our State, "a defendant can unite in the same pleading a plea to the jurisdiction as to the person as well as to the subject-matter, with a plea to the merits, and that he does not thereby waive the question of jurisdiction of the court," and the cases from Little v. Harrington, supra, to Kenner v. Doe Run Lead Co., 141 Mo. l. c. 251, are cited in support of the proposition.

In Little Rock Trust Co. v. S. M. & A. Ry. Co., 195 Mo. 669, l. c. 682, the same judge, that question being again before that same division of the Supreme Court, announces the rule as settled in this State in the same way.

The latest decision of our Supreme Court on this question of pleading is that of Thomasson v. Mer. Town Mut. Ins. Co., 217 Mo. 485, an opinion delivered in Division No. 2 by Judge GANTT. This case went to the Supreme Court on certification from this court. [See 114 Mo. App. 109.] The Supreme Court adopted the view of the majority of the judges of this court. See also Wicecarver v. Mer. Town Mut. Ins. Co., filed by the St. Louis Court of Appeals, March 23, 1909, not yet reported.

Counsel for plaintiff quote from Judge MARSHALL that, "Consent cannot confer jurisdiction of the subject-matter and that objection may be made at any time during the progress of the case, or even afterwards if the record discloses such want of jurisdiction. *But consent can confer jurisdiction of the person, and where a defendant fails to make timely objection to the jurisdiction as to his person, he waives that objection.*" Little Rock Trust Co. v. Railway, *supra,* l. c. 683. The last sentence is underscored by counsel, they claiming that these italicized words bring the decision of Meyer v. Insurance Co., within the rule of waiver which they invoke. The learned counsel have not told us to which Meyer case they refer. That case has been before this court twice. We are somewhat at loss to determine which of the two is meant. However, when first before this court, reported 92 Mo. App. 392, it was certified to the Supreme Court, as this court held that the appearance of the defendant involved in taking an appeal from the justice's judgment was such an appearance as constituted a waiver of a right to object to the jurisdiction of the justice, it being thought that this was in conflict with the decision of the Kansas City Court of Appeals,

in Trimble & Fyfer v. Elkin, 88 Mo. App. 229. The Supreme Court, on the case reaching it, held that there was no conflict and that this court had overlooked the fact that it was the settled law under our code that "a defendant must make all his defenses in the same answer whether such defense as heretofore denominated dilatory, in abatement, or in bar." [Meyer v. Insurance Co., 184 Mo. 481, l. c. 488.] Judge MARSHALL then further states in the Meyer case (l. c. 488) that the error consisted in holding that by taking an appeal from the justice of the peace, after the justice had ruled against it on its plea to the jurisdiction, the defendant waived the plea to the jurisdiction, and that the defendant never waived that plea, but has always properly made and preserved the question. This court subsequently, in a case of the same title (Meyer v. Insurance Co., 95 Mo. App. 721), held that a plea to the jurisdiction of the court over defendant's person may be joined in the same answer with the plea to the merits of the action. The distinction drawn by the decisions is this: Where the defect of jurisdiction over the person or subject-matter appears on the face of the record proper the defense must be raised by demurrer; if the defect is want of jurisdiction over the person, and that appears on the face of the record, by pleading over, or by appearing and participating in the further defense of the case, as by appearing at the taking of depositions, taking a continuance, taking leave to plead, the defect is waived. But if the defect is one arising *in pais,* one which is not disclosed by the pleadings, then it must be taken advantage of by the answer, as in the nature of a plea in abatement; and in that answer pleas in bar, counterclaims or any other proper defenses may be united, separately stated, without waiving the defense of want of jurisdiction over the person or the subject-matter.

An examination of the testimony in the case satisfies us that the contract in question was made and was to be performed in Laclede county, and that the proper

venue of the action was in that county and not in St. Louis, and that the learned trial judge was in error in law as well as in his finding on the facts, if his decision is to be taken as founded on the facts. To reverse the case and refuse to remand it would be depriving plaintiff of all opportunity of recovering what seems to be justly due it, therefore, we reverse and remand the case to give an opportunity to plaintiff, if it sees proper to do so, to take a nonsuit. The judgment of the St. Louis Circuit Court is reversed and the cause remanded, all concurring.