BARNETT, HAYNES & BARNETT, Appellants, v. COLONIAL HOTEL BUILDING COMPANY, Respondent.

St. Louis Court of Appeals, May 11, 1909.

1. JURISDICTION: Corporations: Where Cause of Action Accrued. Where a firm of architects, whose place of business was in one county, made a contract with a corporation located in another county for preparing plans and specifications for a hotel to be built by the corporation in the latter county, the cause of action on the part of the architects for the contract price of the service accrued in the county where the contract was made and where the plans were to be furnished, which was the latter county.

2. ———: ———: Waiver: Joining Plea to the Jurisdiction with Plea in Bar. Where an action was brought in one county against a corporation and service had in another county where the principal office of the corporation was located, the petition alleged that the cause of action accrued in the county where the suit was filed, the defendant by joining a plea to the jurisdiction with a plea to the merits of the case, did not waive its right to question the jurisdiction, nothing appearing on the face of the petition which furnished a ground for demurrer for want of jurisdiction.

3. ——: ——: ——. The defendant in such case will not
be held to have waived its right to question the jurisdiction by
going to trial both on the issue of jurisdiction and the issues
upon the merits, where both parties participated and introduced
evidence upon both issues and the trial court found there was
no jurisdiction and declined to pass upon the merits.

Appeal from St. Louis City Circuit Court.—*Hon. Wm.
M. Kinsey*, Judge.

AFFIRMED.

*Chas. J. Macauley* for appellants.

Plaintiffs' causes of action mentioned in the first
two counts of their petition accrued in the city of St.
Louis, the place where the services were rendered in pre-
paring the plans and specifications, and the trial court
erred in deciding that the cause of action accrued in
Springfield, the place where defendant let the contract
for the erection of the hotel building. Blythe v. Phillio,
12 Tex. 127; Hilleary v. Hair Grower Co., 23 N. Y. 1018;
Com'rs of Bladen Co., 69 N. C. 415; Maxwell v. Rail-
road, 34 Fed. 287; Burckle v. Eckhart, 3 N. Y. 133;
Insurance Co. v. Cleveland, 23 How. Prac. 183; Cofrode
v. Gartner, 79 Mich. 322; Heller v. Railroad, 70 N. Y.
225; R. S. 1899, sec. 997. Plaintiffs' right of recovery
did not depend on the letting of a contract by defendant
for the erection of a hotel building under the plans and
specifications prepared by them. Cann v. Church, 121
Mo. App. 208. The cause of action accrues at the place
where the principal part of what to be done is, by its
terms to be performed. As all the work done by plain-
tiffs in preparing the plans and specifications referred
to in evidence was done in St. Louis, their cause of ac-
tion accrued in this city, and this suit was properly be-
gun in the St. Louis Circuit Court. Phillio v. Blythe,
12 Tex. 127; Heller v. Railroad, 70 N. Y. 225; Burckle
v. Eckhart, 3 N. Y. 133; R. S. 1899, sec. 997, ch. 12, art.
1, p. 332. Section 997, chapter 12, article 1, Revised

Statutes 1899, is remedial in its nature and should be given a liberal construction in favor of appellants. Mikel v. Railroad, 54 Mo. 146. The court having jurisdiction of the causes of action pleaded in the first two counts of plaintiffs' petition, it was in order to avoid a multiplicity of suits, proper to join with them the cause of action pleaded in the third count of the petition. Middlebrook v. Bradley Mfg. Co., 86 Tex. 706. If the circuit court of the city of St. Louis did not have jurisdiction of this cause when it was first begun, respondent has waived the question of jurisdiction by coming into court, filing a plea to the merits, going to trial on the merits, and asking the court to decide this case in their favor on the merits. Krousski v. Rairoad, 77 Mo. 368; Byers v. Byers, 208 Pa. St. 26; Nicholes v. The People, 165 Ill. 504; Orear v. Clough, 52 Mo. 406; Bearsley v. Bearsley, 113 Mo. 545; Mueller v. Heidemeyer (Tex.), 109 S. W. 447; Julian v. Kansas City, Star Co., 209 Mo. 35; Thomason v. Insurance Co., 114 Mo. App. 109; Newcomb v. Railroad, 182 Mo. 707; Bankers Life Assn. v. Shelton, 84 Mo. App. 634; Speer v. Burlingame, 61 Mo. App. 84; Lowe v. Stringham, 14 Wis. 224; Blackwood v. Jones, 27 Wis. 500; Dailey v. Kennedy, 64 Mich. 208; Schuler v. American Ben. Assn., 132 Mo. App. 123; Bank v. Railroad, 119 Mo. App. 8.

*Woodruff & Mann* and *W. D. Tatlow* for respondent.

It was entirely proper for the respondent to join in the same answer all of its defenses, to-wit, that the cause of action did not accrue in St. Louis and hence the suit was not properly brought there, and the appellants had not performed the conditions of the contract, and hence were not entitled to recover thereon; and by so joining said defenses it did not waive its answer in the nature of a plea to the jurisdiction of the court or in abatement of the action, as has been expressly ruled

time and time again by all the courts in this State. Christian v. Williams, 111 Mo. 429; Meyer v. Insurance Co., 184 Mo. 487; Trust Co. v. Railroad, 195 Mo. 682; Newcomb v. Railroad, 182 Mo. 707. It has been held in this State that where the question is one of defect of service, such question cannot be raised by answer, but must be raised by a proper motion to quash the writ or the return, as the case may be, and that by answering over, after filing such a motion, the question of jurisdiction is waived. Newcomb v. Railroad, 182 Mo. 707; Thompson v. Insurance Co., 114 Mo. App. 114. The "cause of action" within the meaning of section 997, Revised Statutes 1899, accrued in the city of Springfield, where the thing contracted for was to be delivered. Repstein v. Insurance Co., 57 Mo. 86; Bankers Life v. Shelton, 84 Mo. App. 634; Julian v. Kansas City Star, 209 Mo. 237; Ferguson v. Dalton, 150 Mo. 223. It is absolutely immaterial where the appellants did the work in preparing the plans and specifications. The contract was for certain plans and specifications to be delivered to the respondent. It mattered not how long or how short a time they worked on them. If they never completed the plans or never delivered them, no cause of action accrued, as the contract contemplated a completed article and the delivery thereof to the respondent. The action, therefore, instead of being for work done, is for property sold and delivered. Tower Grove, etc., v. McCormick, 127 Mo. App. 349; Burrell v. Highleyman, 33 Mo. App. 183; Smith v. Rosier, 121 Mo. App. 306; Pratt v. Miller, 109 Mo. 78.

STATEMENT.—Plaintiffs were a firm of architects with their main office in the city of St. Louis, and defendant an incorporated company which proposed to build a hotel in the city of Springfield. This action is to recover a balance alleged to be due for services rendered by plaintiffs to defendant in making preliminary studies and preparing plans and specifications ac·

cording to which the hotel was built. In the first paragraph of the petition it is alleged defendant agreed to pay plaintiffs a sum equal to two and one-half per cent of the cost of the building and this turned out to be $173,500; that plaintiffs prepared the plans and specifications at their office in St. Louis, delivered them to defendant, the latter accepted them and afterwards paid plaintiffs $3,000 on what was due, leaving a balance of $1,337.50, for which judgment was prayed. To show jurisdiction in the circuit court of the city of St. Louis, there is a statement that the cause of action set out and pleaded accrued in said city. The second paragraph is like the first except in asking for the reasonable value of plaintiffs' services instead of a balance on an agreed price. The third paragraph was for the reasonable value of services rendered by one of the plaintiffs in making a trip to Springfield, February 5, 1906, at defendant's request, and consulting with its officers regarding the building. The value of this service was laid at fifty dollars. The answer consisted of a plea to the jurisdiction of the court in the first paragraph and of a plea in bar in the nature of a general denial in the second. In setting out the first plea the defendant alleged it was a corporation organized under the laws of Missouri, a resident of the city of Springfield, Greene county, where its principal office and place of business was and always had been kept; that it never had kept an office or agent for the transaction of its usual and customary business in the city of St. Louis, and plaintiffs' alleged causes of action stated in the three counts of their petition did not arise there, but whatever cause of action they had arose in Greene county, the circuit court of which had exclusive jurisdiction of the case. The conclusion of this paragraph of the answer was an averment of lack of jurisdiction in the court of the cause or of defendant, and a prayer that defendant be dismissed with its costs. Prior to the trial two stipulations were made by the parties; the first for a con-

tinuance from an earlier term to the one when the cause was tried; the second for a trial by the court without a jury. It was agreed by both parties in the first stipulation, it should not affect or waive defendant's plea to the jurisdiction and in the second that in waiving a jury and consenting to a trial by the court, defendant reserved the right to insist on its plea to the jurisdiction and did not waive the same. Both parties put in their entire evidence continuously at the first trial; alike that relating to the special plea and what related to the merits, but the court decided only the former question and said that having determined there was no jurisdiction, it was neither necessary nor proper to pass on the merits of the case. One of the plaintiffs was in Springfield several times consulting with the directors of the hotel company concerning the proposed building and the plans and specifications. On his first visit he went over the matter fully with the building committee, agreeing he admits, to draw plans and specifications for two and one-half per cent of the cost of the building; but the testimony for defendant inclined to prove he was to charge nothing unless the cost of such a building as he could draw plans for, would be no more than $180,000. In his first talk with the building committee of defendant's board of directors in Springfield, some of them were in favor of awarding the contract to draw the plans at once, but the committee finally decided to hear from other architects before doing so. A few days later and after conferring with other architects, the committee decided to employ plaintiffs, informed the board of directors of the decision, the latter ratified it and plaintiffs were notified they were employed by letter and also by the president of the hotel company in person, who went to St. Louis shortly afterwards. When the plans and specifications were ready plaintiffs sent them to Springfield to defendant; but no bids could be obtained

from contractors to build for the maximum price unless changes were made in the plans. At the request of defendant the court found the facts specifically and we will recite the substance of the findings, with the comment that the evidence amply supported them. They were as follows:

"Defendant is a corporation having its chief office and place of business in said (Greene) county and never has had or maintained an agent in St. Louis for the customary transaction of business; plaintiffs are partners engaged in the business of architects and superintendents for the erection of buildings and their office and place of business is in the city of St. Louis, in this State. The summons issued in this case was directed to the sheriff of the city of St. Louis, who returned defendant could not be found in said city; whereupon an alias summons was issued herein, directed to the sheriff of Greene county, State of Missouri, which alias summons was served upon the defendant in that county; the plaintiffs, by one of their firm, went from the city of St. Louis to Springfield in Greene county, appeared before the building committee of defendant, advised with said committee about the plans and specifications for the proposed hotel, and finally made at Springfield a proposition to defend whereby the plaintiffs offered to prepare plans and specifications for said hotel for a compensation of two and one-half per cent of the estimated cost of the building; after the representative of the plaintiffs had left Springfield and returned to St. Louis, defendant's board of directors took under consideration at the office of the company at Springfield, said offer of plaintiffs, and by resolution accepted the same and notified the plaintiffs of said acceptance both by letter addressed to them at the city of St. Louis, and by a verbal communication made to the plaintiffs in St. Louis by one of the officers of the defendant; in pursuance of the contract thus entered into, plaintiffs prepared plans and specifications at their

office in the city of St. Louis for the erection of said hotel building, and after completing said plans and specifications, the same were turned over or delivered by the plaintiffs to defendant at Springfield. After the plans and specification were thus delivered to the defendant by the plaintiffs, the defendant invited bids for the erection of said hotel building according to said plans and specifications to be submitted to the defendant at Springfield, in the county of Greene, aforesaid; in pursuance of defendant's request for bids for the erection of said hotel building, numerous proposals were made by contractors, one of which purported to be by Caldwell & Drake, and was for the sum of $173,500, which was accepted by defendant at Springfield. At or about that time the defendant sent to plaintiffs in Springfield, the sum of three thousand dollars on account of their services in preparing the plans and specifications; the petition alleges plaintiffs were to receive two and one-half per cent of the estimated cost of the building as compensation for their services; it was the understanding and agreement between the parties that the two and one-half per cent referred to was to be estimated on the contract price of the building according to said plans and specifications; that is to say, two and one-half per cent upon whatever sum defendant might contract or agree to pay to the general contractor for the erection of said building according to said plans and specifications, and that the exact sum to become due plaintiffs was thus to be ascertained; that it was understood between plaintiffs and defendant bids for the erection of said building were to be received at Springfield; that plaintiffs' claim should be ascertained by taking two and one-half per cent of the sum of $173,500, the accepted bid of Caldwell & Drake and deducting therefrom said payment of $3,000; that there was no agreement between the parties as to the place where the plaintiffs were to perform said contract upon their part, or as to the place where defendant was to per-

form upon its part, except such as might be inferred from the foregoing facts plaintiffs' cause of action arose from the acceptance by defendant at Springfield of the bid of Caldwell & Drake to erect the proposed hotel building for the sum of $173,500, and their said cause of action thus accrued and arose at Springfield in said county of Greene, at that time. The services sued for in the third count were performed by one of the plaintiffs at Springfield in said county of Greene, and plaintiffs' cause of action for the value of said services arose at Springfield in said county."

The court below dismissed the case for lack of jurisdiction; whereupon plaintiffs appealed to this court where they insist on two points; that the cause of action accrued in St. Louis, and if it did not, defendant waived the plea to the jurisdiction by uniting with it one touching the merits of the case.

## OPINION.

GOODE, J. (after stating the facts).—1. The finding that the cause of action accrued upon defendant's acceptance of Caldwell & Drake's bid at Springfield, shows the court took for true the testimony that the right of plaintiffs to be paid for the plans and specifications they furnished, was conditioned on the possibility of erecting the house for a maximum price ($180,000). But this finding was rather of the time than of the place of accrual, and the latter is the circumstance on which the question of jurisdiction turns. However, the findings as a whole indicate the court believed the place was Greene county. Whether this conclusion is correct or not depends on the meaning of the phrase "where the cause of action accrued," in the statute which says suits against corporations shall be commenced either in the county where the cause of action accrued, or in one where the corporation has or keeps an office or agent for the transaction of usual and customary business. [R. S. 1899, sec. 997.] The position taken by counsel for plaintiff is that the phrase

means, when applied to the present case, the place where the main part of the labor of preparing the plans and specifications plaintiffs had agreed to furnish, was done; which place was St. Louis and, therefore, the cause of action accrued in that city. The argument advanced in support of this proposition, rests on the idea that the place of performance of the contract was the venue where plaintiffs' cause of action accrued; and taken in this sense the reasoning possesses merit. But in the argument the place where the work was prepared is confounded with the place of performance of the contract, though the two localities would not necessarily coincide. The court below found the parties did not expressly stipulate where either was to perform its obligation and that the place of performance would have to be inferred from other facts. It would have been remarkable if a place where plaintiffs should prepare the plans and specifications had been stipulated; for it was of no importance to defendant whether this work was done in Springfield, St. Louis, or somewhere else. Performing it without more, would not amount to performance of the contractual obligation; and on the other hand, the contract could be performed even if plaintiffs did not work on the plans and specifications, but had some one else prepare them. Full discharge of their duty by plaintiffs would consist in turning over to defendant for its use, such plans and specifications as had been agreed upon (2 Parsons, Contracts [9 Ed.], 788, 636), and undoubtedly the parties understood these were to be delivered at Springfield, and a large installment of the price was paid there. Conceding for the present plaintiffs furnished the agreed plans and specifications, thereby doing what they had undertaken to do, their cause of action for the balance of the price accrued when and where they were to furnish them and defendant was to pay. A man's cause of action for a breach of a contract in which he is obligee, is composed, at most, of his contractual right, the other party's breach and the

remedy for the breach.  [Pomeroy, Code Rem. (4 Ed.), sec. 347, *453, et seq.]   In Western Wool Co. v. Hart (Texas), 20 S. W. 131, the Supreme Court of Texas decided a St. Louis corporation might be sued on a contract made in Texas to be performed in St. Louis, as the statute of the State authorized such a suit in the venue where the cause of action, *or part of it,* arose.   The opinion adopted the theory that the contractual obligation was as much a part of the cause of action as the breach, and as said obligation was formed in a Texas county, the proper venue was there.  In determining the venue of actions on contracts when by statute the venue was made to depend on the place of accrual of the cause of action, it was long questioned by the English courts whether both the contractual obligation and the breach must have arisen in a given venue, for a suit to be maintained therein against the defendant if he resided elsewhere, or whether it was sufficient if the breach happened within the territory, though the contract had been entered into elsewhere.  The question was settled at last in favor of the latter rule in Vaughn v. Weldon, L. R. 10 C. P. 47, the court adopting the doctrine of Jackson v. Spittal, L. R. 5 C. P. 542, an opinion wherein the decisions pro and con were examined.  It follows that in England a statute like the one we have before us, confers jurisdiction on a court of an action for breach of contract, if the breach occurred in the venue of the court, as that event would be treated as the accrual of the cause of action.  The decision of the Supreme Court of this State in Rippstein v. Insurance Co., 57 Mo. 86, that the cause of action on a policy of insurance written in one county accrued in another where the insured died, is analogous in principle to those English cases.  We know of no authority anywhere for the proposition that an action will lie in a venue where the contract was neither formed, nor to be performed, nor breached; yet such is the posture of this case as regards the St. Louis venue.  Certainly if all those acts

happened in one venue, the cause of action could not be regarded as having accrued in another where none of them happened. We refer to O'Donahoe v. Wiley, 43 Q. B. (Upper Canada) 350, for a thorough examination of this question and a decision that an action for breach of contract will not lie outside the venue where the obligation was both assumed and broken. It appeared the defendants in the Canada case were merchants in New York who had instructed the plaintiff by telegram to represent them in certain insolvency procedings in Toronto where the plaintiff was practicing law. He rendered the services and upon the refusal of the defendants to pay him, instituted an action to recover in a Toronto court, whose jurisdiction of the cause depended, under the statute, on whether the cause of action had arisen in Upper Canada. The court decided the contract had been formed in New York where the defendants had given their consent to employ plaintiff, and cited authorities for the proposition that a contract between two parties who do not reside in the same place, is entered into at the place where final assent is given by one party to the terms proposed by the other. [2 Parsons, Contracts (9 Ed.), 730, 579; McGivern v. James, 33 U. C. R. 211; Bruil v. Relief Assn., 72 Wis. 430.] There can be no doubt about the soundness of this doctrine generally, or that the evidence justified the findings which go to show in the present case, that the contract for the employment of plaintiffs was entered into in Springfield, when the board of directors ratified the action of the building committee and notified plaintiffs by letter. In the O'Donahoe case, supra, it was insisted that as the attorney was to perform the agreed services in Canada, his cause of action accrued there. This contention was rejected, the court holding it accrued in New York where the contract was formed and the refusal to pay happened.

Plaintiffs' counsel have cited us to the following cases which he thinks support his position: Blythe v. Phillio, 12 Texas 127; Hillary v. Hair Grower Co., 23 N. Y. Cupps 1016; Maxwell v. Railroad, 34 Fed. 287; Conn., etc., Co. v. Railroad, 23 How. Pr. 180; Heller v. Railroad, 70 N. Y. 225; Burckle v. Eckhardt, 3 N. Y. 133. In our view all those opinions, unless it be the last one, are adverse to plaintiffs upon a careful perusal. In such as were actions on contracts, the courts, in striving to ascertain the proper venue, laid stress on the place of breach. We add another authority for the proposition that the right venue is where the breach occurred, at least, if the contract was formed there, as it was in the case at bar. [Perry v. Transfer Co., 19 N. Y. Supp. 239.]

2. Defendant did not waive its plea to the jurisdiction of the St. Louis Circuit Court by pleading also in bar and setting forth the two pleas in the same answer. The jurisdiction was not challenged because of defective service of the summons shown on the return and open to attack by motion, or for anything appearing on the face of the petition and therefore ground of demurrer. Until defendant pleaded the court was shown by the record to have jurisdiction, and that, in truth it did not, was because of facts *in pais*. An issue could only be raised by averring the facts, as the plaintiffs themselves recognized when they alleged in their petition the cause of action had accrued in St. Louis, thus tendering a jurisdictional issue. In order to avail itself of the defense of lack of jurisdiction, defendant was compelled to traverse this allegation, and might accompany the traverse with the counter-averment that the cause of action accrued in Greene county. This would have been good pleading at common law; but as the plea to the jurisdiction was dilatory, perhaps under that system it would have been waived by pleading at the same time to the merits. Under the code system most, and probably all, pleas in abatement may be united in

the same answer with a plea in bar, without waiving the former plea. As to pleas to the jurisdiction, this has been settled law since the decision in Little v. Harrington, 71 Mo. 390, wherein prior decisions to the contrary were overruled. [Byler v. Jones, 79 Mo. 261; Y. M. C. A. v. Dubach, 82 Mo. 475; Cohn v. Lehman, 93 Mo. 574, 581; Christian v. Williams, 111 Mo. 429; Coombs Com. Co. v. Block, 130 Mo. 668; State ex inf. v. Vallins, 140 Mo. 524, 536; Johnson v. Dettrick, 152 Mo. 243, 255 (which holds want of jurisdiction apparent on the face of a petition may be raised either by demurrer or answer); State ex rel. v. Spencer, 166 Mo. 279, 286; Meyer v. Insurance Co., 184 Mo. 481, 487; Little Rock Trust Co. v. Railroad, 195 Mo. 669, 682; Kingman, etc., Co. v. Bantley Bros. Co., 137 Mo. App. 308, 118 S. W. 500.] We think the opinions which are invoked as prescribing a dif·ferent rule,. will be found to have been pronounced in cases where want of jurisdiction appeared from a defective return to the writ of summons, or elsewhere on the face of the proceeding and could have been taken advantage of by motion or demurrer. [Kronski v. Railroad, 77 Mo. 362; Fitterling v. Railroad, 79 Mo. 504; Newcomb v. Railroad, 182 Mo. 687, 707; Thomasson v. Railroad, 117 Mo. App. 110; —Mo. —, — S. W. —.]

3. As it is clear this defendant did not waive its jurisdictional defense by pleading it in an answer which also contained a plea in bar, the third question is whether there was such a general appearance by defendant as conferred jurisdiction. In Julian v. Star Co., 209 Mo. 35, 96, the Supreme Court held a defendant might waive a jurisdictional defense dependent on venue, if the court had jurisdiction of the class of cases to which the particular action belonged. And it has been intimated in some of the opinions cited supra, that though a defendant may plead in abatement and bar in a single answer, the former plea ought to be tried before the merits are tried, and the defendant ought to insist on this course. We do not decide whether or

not the duty is so absolute that omitting it will waive a plea in abatement, but will only state what the Supreme Court has said on the subject. In Byler v. Jones, the opinion, while permitting the joinder of the two pleas, remarked: "the court in the exercise of its discretionary powers in directing the trial of issues before it, ought to settle the matter of its own jurisdiction before going into a trial of the cause, which presupposes the rightful jurisdiction of the court at every step." In Newcomb v. Railroad, the defendant had raised the question of jurisdiction by a plea joined with an answer to the merits, when he might have raised it by motion. Besides condemning this practice, the opinion blamed the defendant for not calling the attention of the lower court to his jurisdictional plea and insisting on a trial of it before witnesses had been examined on the merits (182 Mo. loc. cit. 708, 709). In the case at bar defendant provided in the stipulation it signed against waiver of this defense, and consented to a trial by the court with the reservation that it should be determined. Though evidence was introduced both on the merits and the plea in abatement, the court passed on the latter only and then declared it would be improper to decide anything upon the merits. Both parties participated in this procedure, and as the issues were tried by the court without a jury, and the jurisdictional defense was the one determined, we do not perceive how plaintiffs could have been prejudiced either in the matter of costs or confusion of issues.

The judgment will be affirmed. All concur.