J. B. COLT COMPANY, Appellant, v. MARTIN GREGOR.—44 S. W. (2d) 2.

Division One, November 20, 1931.

*J. S. Clarke* for appellant.

*C. H. Jackson* for respondent; *Nat. W. Benton* of counsel.

FERGUSON, C.—This is an action on a promissory note. The note sued upon is in conventional form, for the payment of the principal sum of $323.45 one year after date, with interest from maturity, executed at Keenesburg, Colorado, under date of July 11, 1921, and payable "to the order of J. B. Colt Co.," the plaintiff, "at the American State Bank, Brighton, Colorado." The execution of the note is admitted. The action being by the payee in the note against the maker, no question of a holder in due course is involved. By his answer defendant pleaded certain affirmative defenses. Upon a trial before a jury in the Circuit Court of Douglas County the verdict and judgment were for defendant, and plaintiff's appeal went to the Springfield Court of Appeals where two of the judges concurred in an opinion affirming the judgment. The other judge of that court filed a dissenting opinion and deeming the majority opinion to be in conflict with certain previous decisions of our courts of appeal and this court, asked that the case be certified here for final determination. The Court of Appeals opinion is reported in 11 S. W. (2d) at page 1098. The case having been certified here in conformity with Section 6 of the Amendment of 1884 to Article 6 of the Constitution, it becomes our duty to "rehear and determine said cause as in case of jurisdiction obtained by ordinary appellate process."

The plaintiff, a New Jersey corporation with its principal office and place of business in New York City, State of New York, is engaged in the manufacture and sale of lighting and heating plants consisting of "generators" and appliances in which carbide is used and gas generated for lighting and heating purposes. In 1921 the defendant resided on a farm which he owned near Keenesburg, Colorado. On June 14, 1921, one of plaintiff's sales agents called at defendant's home and solicited an order from defendant for one of plaintiff's plants for use in defendant's residence. Defendant signed the following order:

"J. B. Colt Company (Herein referred to as company), 30 East 42nd Street, New York, June 14, 1921. Please ship the following generators and appliances f. o. b. Factory or Warehouse to Martin

Gregor, Keenesburg, Colorado, 1 CARBIDE GENERATOR Model N. Carbide capacity 50 pounds 242.50. Fixtures, Burners, Globes and Supplies, as listed on reverse side. Stoves 1-3 hole stove Free, etc. . . . Total $323.45.

"In consideration of acceptance by the Company, of this order, the undersigned (purchaser), agrees to pay to the company three hundred twenty-three and forty-five one-hundredths dollars, within one year from date of acceptance of this order, the purchaser agrees to make, execute and deliver to the Company forthwith upon notice of due acceptance, his or their promissory note in form prescribed by the Company, for the amount aforesaid and payable one year from date of acceptance of this order, without interest.

"WARRANTY: It is agreed that in accepting this order the Company Warrants the apparatus furnished to be thoroughly durable galvanized steel actylene generator, automatic in action, and of good material and workmanship, and that it is in the permitted list of the national board of Fire Underwriters. In event of failure or refusal of the purchaser to execute and deliver to the company the promissory note above referred to at the time above stated, the full amount of the contract price shall at once become due and payable. If the purchaser shall instruct the Company not to ship the above described material the Company may at its option either hold the material for the purchaser or deliver the material to a common carrier consigned to the purchaser, and either action on the part of the Company shall be considered as full performance of the Contract by the Company.

"The order shall become a contract between the purchaser and the Company upon acceptance thereof in the space below by an officer or Credit Manager of said Company at its office in New York, N. Y., it being understood that this instrument, upon such acceptance, covers all of the agreements between the purchaser and the Company and that no agent or representative of the Company has made any statements, representations or agreements, verbal or written, modifying or adding to the terms and conditions herein set forth. It is further agreed that upon acceptance of this order, the contract so made cannot be cancelled, altered or modified by the Purchaser or by any agent of the Company or in any manner except by agreement in writing between the Purchaser and Company acting by one of its officers. Payments shall be made only by check, draft or promissory note drawn to the order of the Company. The undersigned, herein called the Purchaser, have each jointly and severally executed this order as principal and not as guarantors or sureties.

"(Signed) MARTIN GREGOR, Purchaser,
"(Seal) Keenesburg, Colorado, R. F. D. No. 1.
"Accepted at New York, N. Y., July 11, 1921, J. B. Colt Company, by
"(Signed) H. C. MYERS., Credit Manager.

This order, as appears by the endorsement thereon, was accepted at New York City, State of New York, under date of July 11, 1921, and defendant was notified of the acceptance thereof by letter of same date that, "We are in receipt of your order for a Colt Carbide Lighting Plant, which has been accepted by us according to the conditions set forth therein." The letter continues with reference to shipping directions and the use of specified sizes and kind of carbide. The promissory note provided for in the contract and which is the note sued on also bears date of July 11, 1921. It does not appear from the abstract of the testimony before us just when the note was executed. Over the plaintiff's objection defendant was permitted to testify that at the time he signed the written order on June 14, plaintiff's agent agreed with him orally that the lighting plant would be put in on one year's trial and "if it did not work alright he would give me my note back" and "I gave him the note with this understanding." Defendant testified that the plant was not satisfactory; that though he followed instructions for the operation thereof the plant did not adequately light his residence, nor supply sufficient heat for cooking; that he wrote the company one letter "to come and take it out;" that he stored the plant in the basement of his residence and it was there when he traded the farm and moved to Douglas County, Missouri. Defendant refused to pay the note on maturity, and this action was filed in the Circuit Court of Douglas County in 1926.

The first defense set out in the answer is that it was agreed by and between plaintiff and defendant, that defendant was to execute the note sued on in the amount of the purchase price of the lighting plant and place it "in the hands of the agent of the plaintiff;" that defendant "was to use said lighting system and if it properly lighted his house and produced heat sufficient to use the hot plate for cooking purposes then said note was to become effective, but that if said lighting system did not properly light his home and furnish heat to cook with said note was not to become effective and was to be returned to the defendant and plaintiff was to receive and take said lighting system," and that "the lighting system failed to properly light his house or furnish heat for the purpose of cooking as had been agreed and that said note was never effective and is void." In this connection the answer alleges that said note was executed and made payable within the State of Colorado, is a Colorado contract, "its legal effect to be construed by the laws of the State of Colorado" and pleads a section of the negotiable instruments law of Colorado relating to delivery of negotiable instruments, which is identical with a like section in the negotiable instrument law of this State, being a part of the so-called uniform negotiable instruments act. Defendant then pleads a construction of the statute by the Supreme Court of Colorado to the effect that as between immediate parties delivery of a

negotiable instrument may be shown to have been conditional, which is a question of fact. Another and further defense set up in the answer is failure of consideration and breach of implied warranty; and "that plaintiff and its agent well knew that defendant had never used a lighting system and well knew the purpose for which defendant wanted said lighting system and that delivery and acceptance of said system was with the understanding that it was suitable and adaptable" to the purpose for which it was purchased, but though properly used and tested the plant delivered to defendant "was not suitable for the purpose for which he purchased same." Testimony appears in the very brief abstract of the evidence submitted tending to support the last defense but defendant did not offer instructions submitting that issue to the jury, and the case went to the jury upon the first defense pleaded, that of conditional delivery of the note sued upon. At defendant's request and over plaintiff's objection, the court instructed the jury in substance that if the jury found, "the law of Colorado to be as alleged in defendant's answer" and "that the lighting plant was delivered to defendant under an agreement between plaintiff and defendant" that defendant was to use the lighting system and if it properly lighted the house and produced sufficient heat for cooking purposes then said note was to become effective, but if said lighting system did not properly light the house and did not furnish sufficient heat for the purpose of cooking that said note was not to become effective and was to be returned to defendant" and that said lighting system did not meet the prescribed conditions, the verdict should be for defendant. The form of the instruction is not assailed.

The appellant says the court erred in admitting evidence as to the law of Colorado relating to conditional delivery of negotiable instruments, as the contract between plaintiff and defendant is a New York contract; in admitting testimony of an alleged oral agreement between plaintiff's agent and defendant made the basis of the defense of conditional delivery and in giving the instruction submitting that theory to the jury. The majority opinion of the Court of Appeals says: "Whether the Colorado statute applies in this case depends on whether or not this note sued upon is to be governed by the law of Colorado. Appellant contends that the note is a New York contract and that the Colorado statute does not apply, while respondent contends that it is a Colorado contract and the statute does apply." As we understand, appellant's contention is, that the note is an integral part of the written contract for the purchase and sale of the lighting plant entered into between the plaintiff and defendant and that contract a New York contract. The majority opinion treating the note as a separate, distinct and independent contract from the written contract in the form of an order accepted by plaintiff in

the State of New York, wholly disregards that contract, and holds that the note is a Colorado contract governed by the law of the place of payment and that under the law of Colorado and upon the facts shown in evidence the defense of conditional delivery of the note is applicable and affirms the judgment. Judge Cox in the dissenting opinion treats the note as an integral part of the written contract for the purchase of the lighting plant and says:

"This contract specifically provides that it shall 'become a contract between the purchaser and the company upon acceptance in the space below by an officer or credit manager of said company at its office in New York, N. Y.' It was accepted at New York by the credit manager of the seller. By its own terms it is a New York contract. Without that provision in the contract it would still be a New York contract, because it is in the form of an order for goods and could not become a binding contract until accepted by the seller, and this acceptance took place in New York and was the last act performed by either party that made the contract binding. The general rule is that the place where the last act is performed which gives validity to the contract is the place of the contract. [2 Elliott on Contracts, pars. 1115, 1116; 13 C. J. 580, 581; Holder v. Aultman, Miller & Co., 169 U. S. 81, 18 S. Ct. 269, 42 L. Ed. 669; Liebing v. Insurance Co., 276 Mo. 118, 207 S. W. 230; Barnett, Haynes & Barnett v. Building Co., 137 Mo. App. 636, 647; Crohn v. U. C. T., 170 Mo. App. 273, 280.]"

The conclusion reached by Judge Cox is that the note must be considered as an integral part of the written contract of purchase, that contract a New York contract and that the majority opinion holding the note to be a Colorado contract is in conflict with the Missouri cases which he cites in the above excerpt from his dissenting opinion.

Aside from the provisions found in negotiable instrument acts it is generally acknowledged that as between the immediate parties to a negotiable instrument conditional delivery thereof may be shown, though the condition rests in parol, and the statutory provision that "delivery may be shown to have been conditional" is but declaratory of the well-established rule. Since in an action on a negotiable instrument the defense of conditional delivery may, upon a proper state of facts, be invoked under the rule of law generally recognized as well as under specific statutory provision therefor the question of whether the contract entered into between the parties to the action was a Colorado contract or a New York contract is not, we think, finally determinative of the issues arising in this case. We think a solution of this case requires that we ascertain what constituted the complete contract between the parties, its nature and the rules applicable thereto and whether under the facts and the inferences there-

from most favorable to defendant the defense of conditional delivery of the note sued upon is available to defendant.

On June 14, defendant signed and executed a written order directed to the plaintiff company at its principal office in the city of New York, State of New York. This written order, which we have hereinbefore set out in full, describes the generator, appliances and fixtures which defendant, the purchaser, desired to purchase, the price thereof aggregating $323.45, and provides that in consideration of the acceptance of the order by the company the purchaser (defendant) will upon notice of due acceptance execute a promissory note for the amount of the purchase price, payable one year from date of acceptance of the order without interest; that in event of the failure or refusal of the purchaser to execute the note the full amount of the contract price immediately becomes due and payable and that the order "shall become a contract between the purchaser and the company upon acceptance thereof in the space below by an officer or credit manager of said company at its office in New York, N. Y." This order was transmitted to the plaintiff company, received by it at its office in New York City, accepted, in the manner described, on July 11th, and on the same date defendant was notified of the acceptance thereof by letter to which we have heretofore referred, whereupon the order became a valid and binding contract between the parties. Pursuant to and in conformity with the terms of said contract defendant executed the note. The order transmitted and submitted to plaintiff for its acceptance or rejection contained the statement that the instrument "covers all of the agreements between the purchaser and the company and that no agent or representative of the company has made any statements, representations or agreements, verbal or written, modifying or adding to the terms and conditions herein set forth."

The order was on a prescribed printed form with blank portions thereof filled in. There was no evidence indicating that the agent had any authority to do anything but solicit orders in writing upon this prescribed form and submit the order to plaintiff for its acceptance or rejection with such modifications or conditions inserted or terms or requirements stricken out as may have been necessary to make the order conform to the proposal the purchaser desired to make. "The plaintiff kept the means of protecting itself and also its customers from unauthorized acts of the agent by reserving to itself the acceptance and adoption of a written contract transmitted to the principal in the form of an order. If the printed form contained too much or too little to satisfy the purchaser dealing with the agent, such purchaser was bound to eliminate or insert, or both, so as to show what proposal he desired the principal to accept."

[McCaskey Register Co. v. Curfman, 90 N. E. 323.] Fraud or mistake is not pleaded or charged. Defendant does not charge that his signature to the contract was obtained by fraud, deception or artifice and that factor does not enter into this case. Without any fraud or deception having been practiced to induce him to sign the paper, the defendant intentionally signed and transmitted to plaintiff for its acceptance or rejection the written order purporting to set out the terms and conditions of purchase acceptable to him and to cover all agreements made in reference thereto, and plaintiff, without notice of any different oral agreement claimed by defendant to have been made with plaintiff's agent, accepted the order in the form submitted and "according to the conditions set forth therein," whereupon it became and was the complete contract between the parties. Defendant admits that he entered into a valid and binding contract in writing with plaintiff, but says that at the time he signed same he had an oral agreement with plaintiff's agent different from the written contract which prevails over certain terms of the written contract. The written contract is an agreement for the outright purchase of the lighting plant described therein and the payment of the purchase price thereof by the execution and delivery of a note. It contains no provision, exception or modification to the effect that defendant was to take the plant upon trial with the right to retain or reject the plant after using same for a year and that defendant's note was to be executed and delivered subject to a condition that if upon a trial of the lighting plant for a period of one year he found it satisfactory the note was to become effective otherwise it was not to become effective and be returned to him. Over plaintiff's objection defendant was permitted to testify to the contemporaneous oral agreement which he says he had with plaintiff's agent modifying and varying the plain terms of the written contract and annexing a condition to the delivery of the note. When a written contract shows on its face that it includes the entire agreement and expresses all the obligations assumed by the parties thereto, as does the contract in the instant case, then in the absence of fraud or mistake parol evidence is not admissible to add to, vary, modify or contradict the terms of the written contract, and evidence admitted on the trial of this case, on the part of the defendant, to show a prior or contemporaneous oral agreement adding to, varying or modifying the written contract should not have been admitted, because of the rule that all prior and contemporaneous oral agreements are merged into the written contract. In this case the terms and conditions of the purchase and the obligations in reference thereto assumed by the parties were fixed by their written contract. The written contract speaks for itself and there is no showing here which permits defendant to set up and rely upon an oral agreement different in its terms. The note sued on was executed pursuant to the written contract and the terms of that con-

tract govern the transaction. It follows that the court erred in admitting evidence of a contemporaneous parol agreement and in giving at defendant's request and over plaintiff's objection thereto, the instruction submitting to the jury the issue of a conditional delivery of the note based upon a condition created by the terms of the alleged oral agreement.

The judgment is reversed and the cause remanded. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.