Tompkins, J.,
delivered the opinion of the Court.
Dameron sued Belt by summons and petition in the Circuit Court of Randolph county, and there obtained judgment, to reverse which, Belt appeals to this Court. From the record we learn that Dameron sued on a bond for one hundred dollars, to be discharged in horses on a given day. Belt pleaded three several pleas of tender to Dameron at the comnty of Randolph aforesaid; to all of which Dameron demurred.
The law governing such contracts, as settled in the Courts of Kentucky, is, that the plaintiff, to convert the demand into a money debt, must make a demand *154 at the dwelling house of the obligor, where alone it can be reasonably supposed that he contracted to deliver property, no place being determined on in the obligation; and if the obligee sue at common law, he must in his declaration set out a special demand. But this is a statutory action, and the plaintiff has pursued the form prescribed by the act of the General Assembly ; and the defendant having thought fit to plead a tender, it seems but just if he wished to avail himself of a tender, that it should have been made at the dwelling house of the plaintiff. For as the law supposes that the obligor ought not to be required to pay cumbrous and unwieldy property (no place being fixed in the contract) at any other place than at his dwelling house; so if he find it more convenient to'make a tender than to wait for a demand, ought he to make that tender at the dwelling house of the obligee, where alone we can reasonably suppose him prepared to receive ; unless indeed he might have repaired to the house of the obligor, on the day the debt became due; in such, case no doubt it would be decided that a tender would be good if made at the dwelling house of the obligor. In this case, the obligor having pleaded that he tendered the horses in Randolph county generally, we think the Circuit Courtrigbtly sustained the demurrer to his pleas:
The judgment of the Circuit Court is therefore affirmed.