WILHELMINE RIPPSTEIN, *et al.*, Respondents, *vs.* THE ST. LOUIS MUTUAL LIFE INSURANCE Co., Appellant.

1. *Life Insurance, suit against—Corporation—Cause of action accrues, when—Where suit may be begun.*—Under the statute authorizing suits to be brought against a corporation in the county "where the cause of action accrued," (Wagn. Stat., 294, § 28,) the cause of action against a Life Insurance Company accrues at the place of death; and suit may be commenced there notwithstanding that the contract of insurance may have been entered into in another county.

2. *Practice, civil—Jurisdiction waived, how.*—An appearance to the merits and the setting up of a defense in bar to the action, waives a plea to the jurisdiction.

3. *Life Insurance Company, suit against—Formal proofs waived, how.*—In a suit on a life insurance policy, a defense charging death by *delirium tremens,* which allegation, if true, exempted the company from all liability, amounted to a waiver of the formal proofs required by the by-laws of the company.

*Appeal from Gasconade Circuit Court.*

*R. E. Rombauer* and *Cline, Jameson & Day*, for Appellant.

*Lay & Belch*, for Respondents.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a life policy of insurance issued by the defendant to Gottlieb Rippstein insuring his life in the sum of five thousand dollars, and which, upon his death, before a certain period, was to be paid to his heirs. The plaintiffs sue as his heirs and allege that he died before the period referred to, in the county of Gasconade. The policy exempts the defendant from all liability in case his death was occasioned by delirium tremens.

The defendant, in its answer, pleaded to the jurisdiction of the court, on the ground that its chief office of business was in St. Louis, and that the cause of action could not arise in Gasconade County where the suit was brought. The answer stated, that the defendant appeared only for the purpose of pleading to the jurisdiction ; but in the same answer the defendant denied the material allegations of the petition and set up as a defense, that the said Gottlieb Rippstein died of delirium tremens, and that the plaintiffs did not comply with

the terms of the policy and by-laws, in making proofs of the death, etc. The court tried the plea to the jurisdiction first, and found for the plaintiffs, and the defendant excepted.

The 28th section of the corporation law (1 Wagn. Stat., 294) allows suits to be brought either in the county where the cause of action accrued, or in the county where corporations have, or usually keep, an officer or agent for the transaction of their business. This cause of action accrued upon the death of the insured, which occurred in Gasconade County. The contract, though made in St. Louis county, was transitory and followed the person of the insured, and the cause of action accrued by his death in Gasconade County. But the appearance to the merits and setting up a defense in bar to the action, waived the matter of abatement, and it is, therefore, immaterial whether the court decided this plea rightly or wrongly. (Fugate vs. Glasscock, 7 Mo., 377; Cannon vs. McManus, 17 Mo., 345.)

The case on the merits was submitted to a jury and resulted in a verdict and judgment for the plaintiffs, from which the defendant has appealed to this court.

After the death of the insured, the plaintiffs applied to the defendant for the insurance money, and the defendant refused to pay, upon the alleged ground that the insured had died from delirium tremens. The agent of the defendant, to whom application was made, stated, that the proofs were not satisfactory that the insured had not come to his death by delirium tremens.

There was no objection to the form or manner of the proofs, or that the plaintiffs had not complied with the by-laws of the company. The objection was, that the company was not satisfied and refused to pay, because the insured had died of delirium tremens—which was excepted by the policy. This refusal to pay the insurance money, based as it was on the alleged ground that the death was such as to exempt the company from any payment at all, was a waiver of the formal proofs required by the by-laws of the company. The court so instructed the jury, and in this we think there was no error.

The main issue in the case was, whether the insured died of delirium tremens. The evidence was contradictory, but the case was fairly submitted to the jury on proper instructions. Each party asked instructions presenting their views of the case on this point, which were given, and we see no reason for disturbing the verdict which was for the plaintiff.

Judgment affirmed; all the judges concur.