E. H. ROBERTS, Administrator of the Estate of RALPH G. SMITH, et al., Respondents, v. AMERICAN NATIONAL ASSURANCE COM-PANY, Appellant.

Kansas City Court of Appeals, January 27, 1919.

1. **JURISDICTION: Life Insurance: Pleadings.** After the issuance and assignment of an insurance policy, insuring the life of one then a resident of Adair County, Missouri, the insured removed to and resided in another State and thereafter died, thereupon, an  action on the policy was commenced in Schuyler County, Missouri, in the name of a duly appointed administrator, with the consent of the assignor, and service was obtained on the Insurance Company in St. Louis where it has its home office. The petition

contained no reference to the place of the insured's death. On the return day the company filed an answer which contained a plea to the jurisdiction of the court and a plea to the merits of the cause. It was *held* that under section 1754, R. S. 1909, which provides the manner of service upon corporations, that the trial court had no jurisdiction of the case or of the person of the defendant.

2. ———: **Venue: Life Insurance.** The venue, or the place where the law directs suits to be brought against corporations, is either in the county where the cause of action accrued, or in any county in this State where the corporation has an office or agent. A cause of action on a life insurance policy accrues at the place where the insured dies.

3. **PLEADING: Jurisdiction: Waiver.** The Missouri Code of Civil Procedure contemplates but one answer which must contain all the defenses, and therefore, the coupling of a plea to the jurisdiction, which must be raised by answer where neither the petition not the sheriff's return discloses anything to indicate absence of jurisdiction or improper venue, with a plea to the merits, does not waive the matter of jurisdiction.

4. **JURISDICTION: Waiver: Depositions.** The fact that a defendant serves notice to take, and does take depositions, and enters into a stipulation as to the truth of certain facts, before a plea to the jurisdiction of the court is filed, he does not thereby waive lack of jurisdiction.

5. ———: **Venue: Defective service.** Where lack of jurisdiction is based upon improper venue and not upon improper, or defective notice, or summons, or the service thereof, things done outside of court and which amount to nothing more than a combined preparation of proof, or evidence, needed by a defendant in both trials, one on a plea to the jurisdiction and the other the merits, do not constitute a waiver of the lack of jurisdiction.

Appeal from Schuyler Circuit Court.—*Hon. N. M. Pettingill,* Judge.

REVERSED.

*Highbee & Mills* for respondent.

*Jones, Hocker, Sullivan & Angert, Campbell & Ellison,* and *James C. Jones, Jr.,* for appellant.

TRIMBLE, J.—This is an action upon a policy of insurance on the life of Ralph Goodrich Smith. The

policy was issued under date of December 3, 1913, insured being then a resident of Adair county, Missouri. By the terms of the insurance contract, defendant agreed that, upon the death of insured during the continuance of the policy, it would pay the sum of $2500 at its Home Office in St. Louis, Missouri, to the administrators, executors or assigns of the insured. To secure an indebtedness, Smith assigned the policy to one, Foreman, who in turn assigned it to John C. Mills who joins in the suit and consents that recovery may be had in the name of the administrator herein.

After the issuance and assignment of the policy, the insured removed to and resided in the town of Leaksville, State of North Carolina, where he died on July 16, 1915. Plaintiff, Roberts, was appointed administrator of his estate by the probate court of Schuyler county, Missouri on the ......day of ........, 1917, and thereafter, on September 4, 1917, this suit was instituted in the circuit court of said Schuyler county, returnable to the October, 1917, term, which began on the 15th of that month. The petition alleged the existence of the defendant as an insurance corporation organized under the laws of Missouri, the issuance of the policy, the death of insured on the date aforesaid and the appointment of an administrator. Nothing was said in the petition as to the place of insured's death. Service was obtained on the defendant at its home office in the city of St. Louis, Missouri, on September 5, 1917.

On the return day, October 15, 1917, the defendant filed its answer which contained *first* a plea to the jurisdiction of the court over the cause and the person of defendant, with a prayer that defendant be dismissed with its costs, and *next* a plea to the merits of the cause based upon the charge that the policy was not in force at the time of Smith's death, because of his failure to pay a certain installment of premium when due.

As grounds for the plea to the jurisdiction, it was alleged therein that the defendant was a Missouri corporation having its chief office or place of business in the city of St. Louis; that it had no office nor agent in

201 M. A.—16

Schuyler county, Missouri; that the insured, Ralph Goodrich Smith, resided in Leaksville, North Carolina, *and died there..* Consequently, it was contended that under section 1754, Revised Statutes, 1909, which provides that "Suits against corporations shall be commenced either in the county where the cause of action accrued, . . . or in any county where such corporations shall have or usually keep an office or agent" etc., the court was without jurisdiction over the action or the person of defendant.

The cause was set for trial on the first day of the term to which it was returnable, to-wit, October 15, 1917. When it was called, defendant asked, and the court granted, a trial, first, of the issues under the plea to the jurisdiction. Evidence on that was heard and it was established beyond question that the defendant had no office nor agent in Schuyler county, that the insured was residing in Leaksville, North Carolina, and died there, and that service was made upon defendant at its home office in St. Louis.

In opposition to the plea, plaintiff showed that on September 22, 1917, the defendant gave notice to take, and on the 27th of September did take, depositions in St. Louis. These depositions related to matters concerning the merits of the issue except the fact that the insured was living at Leaksville, North Carolina, and died there. Plaintiff also introduced a written stipulation between counsel for plaintiff and defendant which was filed in court on said return day, October 15, 1917. wherein, "for the purposes of the trial" it was admitted that defendant executed the policy, that Smith prior to his death was practicing his profession of Osteopathy at Leaksville, North Carolina, and died there on July 16, 1915; that his widow promptly notified the defendant; and that it had denied liability on the ground that the policy was not in force at the time of his death. This stipulation seems to have been entered into October 1, 1917, but, as stated, was not filed in court until the return day, to-wit, October 15, 1917, and after the plea to the jurisdiction was filed.

The court, after hearing the evidence *pro* and *con* on the plea to the jurisdiction, found "that before said plea was filed by the defendant, the defendant had entered its appearance in this action and waived all objection to the jurisdiction of this court." Thereupon, the plea to the jurisdiction was overruled. To this defendant excepted and then requested that the trial on the merits be laid over till later in the term, December 17, to enable defendant to apply to the Supreme Court for a writ of prohibition. This was done but the writ was refused. On December 17, and at the same term, the case was called for trial on the merits when the defendant renewed its objection to the jurisdiction of the court. This again was overruled, the defendant excepting.

The case was then tried on its merits before the court without a jury. The court, refusing all declarations of law, found for plaintiff and rendered judgment on the policy for $2500. The defendant has appealed.

The venue, or the place where the law directs the suit to be instituted, was either in the county where the cause of action accrued or in any county where the defendant had an office or agent. [Sec. 1754, R. S. 1909; State ex rel. v. Gantt, 203 S. W. 964.] The cause of action on a life insurance policy accrues at the place where the insured dies. [Rippstein v. St. Louis Mutual Life Ins. Co., 57 Mo. 86; Martin v. Mutual Life Ins. Co., 190 Mo. App. 703, 7, 5; Bankers Life Assn. v. Shelton, 84 Mo. App. 634.] Consequently, Schuyler county was not the venue specified by the law as the proper place in which to bring the suit, since the cause of action did not accrue there nor did the defendant have an office or agent there.

The fact that the cause of action did not accrue in Schuyler county was not disclosed by anything in the petition, nor did the absence of jurisdiction on account of improper venue appear there or in the sheriff's return. Hence, the only way to question the court's lack of jurisdiction was by a plea to the jurisdiction in the

answer. [Little v. Harrington, 71 Mo. 390.] Our Code contemplates but one answer which must contain all the defenses, and, therefore, the coupling of a plea to the jurisdiction which must be raised by answer, with a plea to the merits, does not waive the matter of jurisdiction. [Cohn v. Lehman, 93 Mo. 574; Meyer v. Phoenix Ins. Co., 184 Mo. 481, 487; Thomason v. Mercantile, etc., Ins. Co., 217 Mo. 485; Newcomb v. New York, etc., R. Co., 182 Mo. 687; State ex rel. v. Vallines, 140 Mo. 523; State ex rel. v. Grimm, 239 Mo. 135; Barnett v. Colonial Hotel Building Co., 137 Mo. App. 636, 648; Jordan v. Chicago and Alton R. Co., 105 Mo. App. 446, 456.]

But the trial court held, and plaintiff contends here, that because the defendant served notice to take, and did take, depositions, and entered into a stipulation as to the truth of certain facts, *before* the plea to the jurisdiction was filed, the lack of jurisdiction was waived.

But, in determining whether such acts constitute a waiver of the lack of jurisdiction here complained of, several things are to be kept in mind. The lack of jurisdiction is based upon improper *venue* and not upon improper or defective *notice* or summons, or the service thereof. The acts relied upon to constitute waiver were things done *outside of court* and amounted to nothing more than a *combined preparation of the proof or evidence* needed by defendant *in both trials,* the one on the plea and the other on the merits. This *preparation for trial* was done before there was any opportunity to file a plea to the jurisdiction; and the objection to the jurisdiction was filed *as soon as possible,* since it was filed on the first day of court, the return day of the writ. The basis of the complained lack of jurisdiction was that the suit was not brought in the proper venue, the place designated by the statute. Such defense could only be raised by answer; the answer must contain all defenses; and the joining of a defense to the merits does not waive the defense of improper venue. If the joining of the two kinds of

defenses in the same *pleading* is permitted, why is not a defendant to be permitted to make joint *preparation* to meet both issues? In this case, the plea was filed on the return day of the writ. That day was also the day on which the case was *set for trial*. Is the defendant to be compelled to *forego* its preparation for the trial on the *merits* in order that it will not waive its right to question the jurisdiction? It is not so compelled in the matter of its pleading. Why, then, is it compelled to forego preparation therefor lest it waive the jurisdictional plea? Of course, if defendant takes any step *in court* which involves, even by implication, a submission to, or an admission of, its power and authority to act in that case, and does this without first questioning the jurisdiction on account of improper venue, then the lack of jurisdiction on that account would doubtless be waived by such course. For instance, appearing in court and obtaining a continuance, or a change of venue, or procuring the court to do, or agreeing without objection that the court shall do, something which could not be done unless there was jurisdiction over the person, would no doubt waive the right to object to the case proceeding in that venue, the court otherwise having jurisdiction of the subject-matter. But where is there any step of that kind taken in court in this case? The defendant had to appear when summoned, since the improper venue had to be raised by answer and tried as an issue. The defendant did appear and did make the objection at the first opportunity, and nothing was done which conceded the court's power regardless of the question of venue. All that the defendant did was in order that it might be prepared on *both branches* of its answer. Success on either branch depended upon *proof,* and that had to be adduced by defendant. The defendant could *not be assured,* in advance, of the result on either branch. The return day was also the day of trial. If separate trials of the two issues was in the discretion of the court (Clark v. St. Louis, etc., R. Co., 234 Mo. 396), yet, if the court exercised its discretion to grant a separate

trial, the defendant could not be *sure* that a continuance would be granted to allow sufficient time to prepare for trial on the merits in case the trial on the jurisdictional feature resulted adversely. Hence, it would seem the defendant had the same right to make a joint preparation of the proof needed at both trials as it did to file a pleading which joined those two defenses and created the necessity for two trials. In other words, the acts of the defendant, relied on to constitute waiver in this case, were not matters taking place in court and in connection with the *cause proper* but were matters outside of court and merely collateral to the cause and involved no more than a mere preparation of matter for use if it were needed. It implied no admission whatever that, *regardless* of the question of venue, the court was entitled to go on with the case.

If the complaint of lack of jurisdiction had been based on want of *notice* or defective or insufficient *service,* then no doubt the taking of depositions and the signing of a stipulation as to facts conceded, would constitute a waiver of that defect. Because, such acts would necessarily imply that defendant was admitting that it had *notice* of the suit and, regardless of whether it had been properly served or not, it was proceeding as if service was regular. In such a case, too, the objection on account of defective *service,* would not go to the *action itself* but only to a step required to be taken therein, namely, the serving of summons, or notice. But in the case at bar the objection strikes at the action itself, which action appears all right in the face of things and will be perfectly good if the defendant does not obey the summons and come into court prepared with all defenses which may be required. Hence, its preparation therefor ought not to deprive it of the right to object to the venue, when the objection is made at the first opportunity and before the court is requested to do anything else in the case. In such circumstances, the defendant has done nothing which in any way implies or concedes that the court may proceed regardless of the venue.

Roberts v. American Nat. Assurance Co.

It is true it is said in many cases that a defendant by issuing subpoenas, taking depositions, etc., "waives lack of jurisdiction" but it will be found that the cases were either prior to the holding in the case of Little v. Harrington, supra, announcing that a plea to the jurisdiction, permissible only by answer, is not waived by being joined with a plea to the merits; or were cases which did not consider or take note of the change in that regard made by our code, or else were cases where joinder of pleas in the answer was not permissible. Cases involving appeals from a justice to the circuit court where jurisdiction is claimed to be lacking for *want of notice* of appeals, and cases where the want of jurisdiction is predicated upon defective or irregular *service of summons* come under the last named head. In cases of this character, lack of notice and defective or irregular service can be waived by such acts as are relied on herein. But in such cases and in other cases where the defect in jurisdiction appears on the face of the petition or in the return, the point cannot be raised by answer; and a defendant is not entitled to join such defense with a defense to the merits in one pleading, as he is in the case at bar.

For this reason, we think that in a case like the one at bar, where the only way a defendant can raise the question of jurisdiction is by answer, and the law permits him to include therein such defense jointly with his defenses to the merits, and where he has raised that question as soon as he had opportunity, and asked the court to pass upon that question before asking for anything else or participating in any other step or action of the court *as an actor therein,* then he should not be deemed to have waived the jurisdictional defect of improper venue because he prepared for the trial of all questions raised in his answer. It is not every act of a defendant that will constitute a general entry of appearance in a cause. For a party to have impliedly bound himself to submission, he must have "asked or recovered some relief in the cause or participated in some step taken therein." [Fallon v. Rainsay,

67 W. Va. 321, 326. See, also, Scott v. Hull, 14 Ind. 136; Bentz v. Eubank, 4 Pac. 269; Groves v. County Court, 42 W. Va. 587.] The test is has he become an "actor in the cause." [Merchants, etc., Co. v. Clow & Sons, 204 U. S. 286.] While the rule announced in the foregoing decisions is not generally applicable in this State, still we think it is applicable to a case where the jurisdictional defense is allowed to be pleaded with the defense to the merits and what is done is only in preparation to meet the defenses raised by the answer, and no step in court has been taken before raising the plea.

Plaintiff urges that the cause of action did not arise until the appointment of the administrator and that as the administrator was appointed in Schuyler county, the cause of action accrued there, citing 1 Corp. Juris, 1145 and 1 Words and Phrases (2 Series), 56. We think, however, this relates rather to the time *when* the cause of action became enforcible rather than the *place* where it accrued. Under the decisions hereinbefore cited, a cause of action accrued to insured's estate *at the place* of his death, which became enforcible *when* administrator was appointed.

Believing that the defendant should not be regarded as having waived the jurisdictional question by reason of the preparation of defenses which the law allows to be jointly pleaded, and which preparation involved no act necessarily inconsistent with its right to insist upon the objection to the venue, the judgment is reversed. All concur.