## E. C. MOTHERSTADT, Appellant, v. HARRY NEWMAN, INC., MOTOR CARS, Respondent.

Springfield Court of Appeals, January 14, 1920.

1. **VENUE: Cause Accrues Where Breach of Contract Occurs.** As a general rule, the place of the breach of a contract, rather than the place of making the contract, fixes the place where the cause of action accrues.

2. **PAMYENT: Debt is Payable at Creditor's Residence in Absence of Agreement.** Where an agreement to pay is made and no place of payment is mentioned, the debt is payable where the creditor resides, as a general rule.

3. **VENUE: Cause of Action for Non-payment of Money Does Not Accrue at Creditor's Residence.** Where the only breach of a contract consists in a mere refusal to pay money and no place of payment is specified in the contract, the cause of action does not accrue at the place of the creditor's residence.

4. **CORPORATIONS: Place of Business Situs of Venue Where All Dealings Were There.** Where corporation had but one place of

business, at which it sold to plaintiff an automobile, received cash paymment, and delivery of plaintiff's old car in part payment, plaintiff's action for money due upon sale of old car was triable there, and not in county of plaintiff's domicile, under Revised Statutes 1909, section 1754, providing that actions against corporations shall be commenced either in county where cause of action accrued or where such corporation shall have an office or agent.

Appeal from Stoddard County Circuit Court.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*J. L. Fort*, for appellant.

*Wammack & Welborn* for respondent.

STURGIS, P. J.—The only question involved in this case relates to the jurisdiction of the trial court. The defendant is a corporation having its office and place of business in St. Louis, Missouri. The plaintiff lives in Stoddard County where he brought this suit and obtained service on defendant by summons sent to the sheriff of St. Louis and served there. The defendant appeared to the action in Stoddard County specially and by proper plea raised the question of the jurisdiction of the court. The plaintiff claims that the suit was properly brought in Stoddard County because the cause of action accrued in that county. This claim is based on section 1754, Revised Statutes 1909, which provides that suits against corporations shall be commenced either in the county where the cause of action accrued or where such corporation shall have an office or agent. Defendant denies that the cause of action accreued in Stoddard County and hence defendant could only be sued in St. Louis. The court found this issue for defendant, dismissed the case and plaintiff has appealed.

The facts are not in dispute and the issue is one of law. It stands admitted that defendant has no

office, agent or place of business in Stoddard County, but that its office and place of business was solely in St. Louis where it was engaged in selling automobiles. The plaintiff, then and at all times mentioned a resident of Stoddard County, went to St. Luis and there purchased of defendant an automobile paying for same mostly in cash but partly by delivering or trading to defendant a used automobile owned by plaintiff at an agreed price. The automobile so purchased by plaintiff was thus fully paid for but it is alleged in the present suit, and this will be taken as true, that defendant then promised and agreed to pay plainitff or his assignor of such contract the sum of $282 whenever the defendant sold the used car taken as part payment. This suit is for this $282, it being conceded that defendant has sold the used car. The gist of the action is that defendant at its place of business in St. Louis for a sufficient consideration promised to pay plaintiff $282 to be due and payable whenever it sold a certain used car and such debt having matured by the sale of said car defendant has and does refuse to make such payment. In making such promise by defendant, nothing was said as to where the payment of the $282 should be made.

Where under these facts did plaintiff's cause of action accrue—in St. Louis where the defendant resides and where the indebtedness was incurred or in Stoddard County where plaintiff resides and where he was at the time the debt matured by defendant's sale of the used car? The plaintiff claims that the cause of action accrued in Stoddard County for these reasons:

1. It is the breach of the contract rather than the making of it that accrues the cause of action and hence the place of the breach (or refusal to pay) rather than the place of making the contract fixes the place where the cause of action accrues. As a general proposition this is good law. [Barnett, Haynes & Barnett v. Colonial Hotel Bldg. Co., 137 Mo. App. 636, 646, 119 S. W. 471; Brow nv. Bach (Utah), 53 Pac. 991; Ripp-

stein v. Ins. Co., 57 Mo. 86; Martin v. Ins. Co., 176
S. W. 269; Bankers' Life Ass'n v. Shelton, 84 Mo.
App. 634; Hosley v. Ins. Co. (Wis.), 57 N. W. 48;
Bank v. Lacombe, 84 N. Y. 367; Penn. L. & M. F. Co.
v. Meyer, 49 L. Ed. 810; Vaugh v. Weldon, Law Rep.
10 C. P. 47; Jackson v. Spittal, Law Rep. 5 C. P.
542.] In Peak v. Harvester Co., 194 Mo. App. 128, 131,
186 S. W. 574, this court said: "The cause of action
sued on, however, is based on and has to do with the
breach of the contract rather than its making. The cause
of action accrued, therefore, at the place of its breach
It is the performance of the contract which was breach-
ed and, obviously, the place of the performance, rather
than the place of the making, determines the place of
the breach." In Maxwell v. Railroad Co., 34 Fed. 286,
the court said:

"I am clearly of the opinion that the cause of action
arises, not where the contract is made, but where it
is broken; and that, as the expulsion of the plaintiff
took place in Kansas, the cause of action must be
deemed to have arisen there."

II.    Where an agreement to pay is made and no
place of payment is mentioned, the debt is payable where
the creditor resides. The debtor in such a case must
seek the creditor and make payment where the creditor
resides or may be found. This also is the general
rule of law. [30 Cyc. 1185; 21 R. C. L. 15; Dameron
v. Belt, 3 Mo. 213; Hale v. Patton, 60 N. Y. 236, 19
Ame. Rep. 168; Dockman v. Smith, 113 Mass. 320, 18
Ame. Rep. 495.]

Combining the above two propositions the plaintiff
says: (1) the defendant's promise to pay, though made
in St. Louis, fixed no place of payment and the place
of payment was therefore the residence of the plaintiff
in Stoddard County; (2) That defendant was obligated
to seek plaintiff in Stoddard County and make payment
there; (3) That its refusal to do so constituted a
breach of the contract and this breach occurred in Stod-
dard County; (4) That the breach of the contract is

the accrual of the cause of action and such breach and accrual being the place of payment in Stoddard County such is the proper venue of this suit.

However logical this may seem on first impression we find no case going to the full length contended for by plaintiff. While a number of cases dealing with the place of the accrual of the cause of action as fixing the proper venue have held that the place of the breach of the contract rather than the place of its making is the proper venue, none have gone to the extent of holding that, where the breach consists in a mere refusal to pay and no place of payment has been made part of the obligation, then the place where the creditor resides or may be found when the refusal to pay is made is the place where the cause of action accrues and fixes the venue of the cause of action. Many of the cases cited and relied on by plaintiff do not deal with a mere refusal to pay or perform a contract obligation but are cases for damages on tort or cases which, though bottomed on contract, involve acts, which are held to accrue the cause of action, which in realty create the cause of action. Of this latter class of cases are insurance cases, for while bottomed on contract they are not suits for breach of contract since it cannot be said that the loss of property by fire or the death of the insured is a breach of the insurance contract but rather that the loss or death first brings the cause of action into being. There is no difficulty, therefore, in holding that the death of the insured or the destruction of the insured property accrues the cause of action and the place of such event fixes the place of bringing suit where as here the suit may be brought where the cause of action accrues. Of course in suits for damages growing out of tort the cause of action accrues where and when the tort is committed.

In suits for breach of contract to pay money or deliver property the courts have gone no further than to hold that where the contract fixes the place of performance then the failure or refusal to do so constitutes

a breach of the contract at the place so fixed and there the cause of action accrues and the suit may be brought. [Brown v. Bach (Utah), 53 Pac. 991; Peak v. Harvester Co., 194 Mo. App. 128, 186 S. W. 574; Barnett, Haynes & Barnett v. Building Co., 137 Mo. App. 636, 647, 119 S. W. 471.] This principle may well be applied where contracts do not in specific terms fix the place of performance but such is the plain inference therefrom. [Penn. L. M. & F. Ins. Co. v. Meyer, 49 L. Ed. 811, 813.]

The rule that where no place of payment is fixed by the contract the debtor must seek the creditor and pay at his place of residence, is generally applied in cases involving tender—where the debtor claims that interest was thereby stopped at a certain date or where a penalty or forfeiture for non-payment is sought to be avoided. That it has not and should not be applied in fixing the place of the accrual of a cause of action so as to fix the venue of a suit thereon will readily be seen from a consideration of the cases cited. Take insurance cases for example. In a life policy the insurer promises to pay the beneficiary a sum of money on due proof of the insured's death. The cases all hold that the death of the insured accrues the cause of action and the place of death fixes the venue of a suit on such policy. But under plaintiff's theory since no place of payment is mentioned the insurer must seek the beneficiary and make payment at his place of residence which would often be a different jurisdiction than the place of the death. Thus the proper venue of suits on life insurance policies would be, not the place of the death of the insured, but the residence of the beneficiary at the time payment is due and refused. The same would also be true of fire policies. In the case of Barnett, Haynes & Barnett v. Building Co., supra, the plaintiffs resided in St. Louis and defendant in Springfield. The contract sued on required plaintiffs to furnish defendants at Springfield plans and specifications for a building for which defendants promised to pay plaintiffs a specified sum. No place of

payment was fixed and according to the theory of the present plaintiff it was defendant's duty after receiving the plans and specifications to seek plaintiffs and pay at their residence and a breach of this duty accrued plaintiffs' cause of action at St. Louis. The court held, however, that the cause of action occrued at Springfield and there the suit must be brought. The court cited the case of O'Donahue v. Wiley, 43 Q. B. (Upper Canada) 350, in which it appears that a New York firm engaged a lawyer residing in Canada to perform certain services there. The contract of employment was made in New York but evidently no place of payment was fixed. The plaintiff sued in Canada for such services and if defendant were obligated to seek plaintiff and pay there in absence of any agreement as to the place of payment, then defendant breached the contract there and that was the proper venue. The court held, however, that the cause of action accrued in New York.

Many other cases will be found along this line for it is evident that if the plaintiff's view prevails then anyone alleging that a corporation has failed to pay money due may bring and maintain suit at his own residence merely because no other place of payment was agreed on. We think the statute was not intended to accomplish any such results. The defendant it appears was doing business only in St. Louis and plaintiff went there and entered into the obligation now in suit. Had plaintiff then lived in St. Louis and later removed to Stoddard County or elsewhere before defendant sold the used car he could on his theory have then sued at his residence merely because he resided there when defendant refused to pay.

We decline to so hold and affirm the judgment. *Farrington* and *Bradley, JJ.,* concur.