WALTER MCNABB AND ROWENA MCNABB, v. NATIONAL LIBERTY INSURANCE COMPANY OF AMERICA.—188 S. W. (2d) 523.

Kansas City Court of Appeals. June 11, 1945.

*E. M. Jayne* for appellant.

CAVE, J.,—This is an action upon a fire insurance policy issued by the defendant to the plaintiffs. A jury ·was waived and the case was tried to the court, which resulted in a judgment for plaintiffs. Defendant appealed.

The petition alleges that defendant is a non-resident corporation authorized to write fire insurance on property in the state of Missouri, and that it had a duly authorized agent in Linn County, Missouri, to write, issue and deliver fire insurance policies, with authority to countersign the same, and that such agent had an office in said Linn County.

On the return day the defendant filed its answer which contained, *first,* a plea to the jurisdiction of the court over the cause and the person of defendant, with a prayer that defendant be dismissed with its costs; and, *next,* a plea to the merits. This was a proper way to raise the question of the jurisdiction of the trial court. [Roberts et al. v. American Nat'l Assurance Co., 201 Mo. App. 239.] After all the evidence was heard the court overruled the plea to the jurisdiction and rendered judgment for plaintiffs on the merits.

On this appeal we are immediately confronted with the contention by the defendant that the court erred in holding that it had jurisdiction. If this contention is sustained, other errors need not be considered. Relative to the question of jurisdiction, the record discloses the following pertinent facts: (1) The defendant is a non-resident fire insurance company which is authorized to transact its usual business in this state under Article 10, Chapter 37, Revised Statutes 1939; (2) plaintiffs were at all times residents of *Sullivan County,* Missouri, and property loss by fire was located in *that county*; (3) the application for the policy was taken, and the policy delivered by defendant's agent who lived and had his office in *Adair County;* (4) defendant did not

have an office, or an agent with an office, authorized to transact its usual business, in *Linn County;* (5) this suit was filed in the circuit court of *Linn County* and service had on the superintendent of insurance of this state at his office in Cole County.

It must be kept in mind that we are discussing a case where there is but *one defendant* and that *one* is a *non-resident corporation.*

The principal bone of contention is whether the defendant, being a non-resident insurance company authorized to transact its usual business in this State, can be sued *in any county* of the State, or must the suit be filed *in a county where the cause of action accrued or the corporation has an office or agent for the transaction of its customary business.*

The general rule is that if there are no state statutes fixing the venue of suits against foreign corporations, then such corporation can be sued in any county in the state, or at least in any county where it has an agent upon whom process may be served. [State ex rel. Henning v. Williams, 345 Mo. 22, 27, 131 S. W. (2d) 561; 14A *Corpus Juris,* Sec. 4119, page 1398; 20 C. J. S., Sec. 1932, page 192.] But Section 871, Revised Statutes 1939, is our general venue statute and provides:

"Suits instituted by summons shall, *except as otherwise provided by law,* be brought: First, when the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county; third, when there are several defendants, some residents and others non-residents of the state, suit may be brought in any county in this state in which any defendant resides; fourth, when all the defendants are non-residents of the state, suit may be brought in any county in this state; . . ."

But that section is not controlling here because the *sole* defendant is a corporation, and it is now the settled law of this state if a corporation, *domestic* or *foreign,* is the *sole* defendant, then Sec. 874, Revised Statutes 1939, is the controlling *venue* statute. [State ex rel. v. Williams, *supra;* and State ex rel. Columbia National Bank v. Davis, 314 Mo. 373, 284 S. W. 464.] This section provides, (except as to railroad companies):

"Suits against corporations shall be commenced either in the county where the cause of action accrued, . . . or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

However, it is contended, since the sole defendant is a *foreign insurance corporation,* that neither Sections 871 nor 874 control the venue, but the venue is controlled by Section 6005, Revised Statutes 1939, which relates to foreign insurance companies being licensed or

authorized to do business in this state. In substance that section provides that no foreign insurance company can transact business in this state ". . . until it shall have first executed an irrevocable power of attorney in writing, appointing and authorizing the Superintendent of Insurance of this state, *to acknowledge or receive service of all lawful process,* for and on behalf of such company, *in any action against said company, instituted in any court of this state,* or any court of the United States in this state, and consenting *that service* upon the Superintendent shall be deemed personal *service* upon said company. . . . And *service* as aforesaid shall be valid and binding in all actions brought by residents of this state upon any policy issued or matured, . . . in this state, . . . " (Italics ours.) There are other provisions of the section which are not material to the question under consideration. If this section is a *service and a venue* statute, then the Circuit Court of Linn County had jurisdiction and correctly ruled that question; but if it is not a *venue* statute, then, under the pleadings and facts in this case, that court did not have jurisdiction, and erroneously ruled that question.

In State ex rel. v. Gantt, 274 Mo. 490, 203 S. W. 964, the court *en banc* considered this identical question, together with others, and in an opinion by FARIS, J., held that Sec. 1754 (now 874) was the proper *venue* statute to determine where a foreign insurance corporation could be sued, and held that the suit must be filed in the county wherein *the cause of action accrued, or where such corporation shall have or usually keep an office or agent for the transaction of its usual and customary business,* and that Sec. 6005 is a *service* statute. However, that case cannot be considered to have declared the law of this state on that subject because the opinion did not receive definite concurrence of a majority of the court. Two of the judges concurred in the FARIS opinion and three judges concurred in the result, while WOODSON, J., dissented.

In Roberts et al. v. American National Assurance Co., 201 Mo. App. 239, this court, in deciding the proper venue of a suit brought against a domestic insurance company, held (243) : "The venue, or the place where the law directs the suit to be instituted, was either in the county where the cause of action accrued or in any county where the defendant had an office or agent"; citing State ex rel. v. Gantt, *supra,* and section 1754 (now 874).

In Gill v. Sovereign Camp of the Woodmen of the World, 209 Mo. App. 63, the Springfield Court of Appeals had occasion to interpret the opinion in State ex rel. v. Gantt and declared that case clearly decided, "that where a non-resident insurance corporation is sued in Missouri, in order for a circuit court to have jurisdiction, the cause of action must have accrued in the county where the suit is brought, or it must be shown that the company had some agent or officer in the county transacting the usual and customary business of the company."

However, in Young v. Queen Insurance Company of America, 201 S. W. 940, the same court of appeals had held that a foreign insurance company, which has complied with the laws of this state (Sec. 6005) permitting it to do business in Missouri, *may be sued in any county of the state.* The decision in the Young case was rendered before the opinion in State ex rel. v. Gantt, and cannot be said to express the present views of the Springfield Court of Appeals.

It is now definitely settled in this state that where a corporation, domestic or foreign, is the *sole defendant,* Section 874, *supra,* controls the venue. [State ex rel. St. Joseph Lead Co. v. Jones, 270 Mo. 230, 192 S. W. 980; State ex rel. Columbia National Bank v. Davis, *supra;* State ex rel. Henning v. Williams, *supra,* and State ex rel. Atkinson Paving Co. v. Aronson, 345 Mo. 937, 138 S. W. (2d) 1. ] But where a corporation and a resident individual defendant are properly joined as defendants, then Section 871 applies. [State ex rel. v. Davis, *supra.*]

The last pronouncement on this general subject is by the court *en banc* in State ex rel. v. Williams, *supra.* The court was discussing the various statutes authorizing foreign corporations to do business in this state and certain sections (now 871 and 874) fixing the *venue* of suits against domestic and foreign corporations. The court said (28):

"All these statutes, considered together, plainly indicate that a licensed foreign corporation must at least have a domicile in this State where *service of process* may be obtained upon it, and may have more than one office or place of business, where like *service* may be obtained. As regards foreign insurance companies, Section 5894, Revised Statutes 1929 *(now Section 6005),* requires that they appoint the Superintendent of the Insurance Department to *receive service of process upon them,* and this provision is binding so long as they shall have any policies or liabilities outstanding in this State. although they may have withdrawn from the State.

"Speaking of foreign corporations in general, we think the principle upon which this case must be decided has been settled by our decisions for many years. That principle or rule is that when a foreign corporation enters this State and complies with our laws by setting up one or more offices or agencies for the transaction of its usual and customary business, *where service of process* may be obtained upon it, it becomes to that extent domesticated, and is amenable to *service* on the same basis as domestic corporations." (Italics ours.)

In the above cited cases the courts have, without exception, referred to what are now Sections 871 and 874 as *venue* statutes, or sections fixing the place where suits must be filed, whether against individuals or corporations, domestic or foreign. And in discussing what are now Sections 5072, 5073 and 5074, which prescribe the conditions under which foreign corporation may do business in this state, among which is the appointment or designation of some agent upon whom

440

*service* of process may be had, have uniformly referred to such sections . as *service* sections and not as *venue* sections.

We conclude the same line of reasoning should apply in construing the provisions of Section 6005, *supra,* relative to foreign insurance companies. That section requires a foreign insurance company, before it may transact its business in this state, to appoint and authorize the Superintendent of Insurance to *acknowledge or receive service of* lawful process and that such *service* shall be deemed *personal service upon such company;* and then proceeds to direct how such *service* shall be made and what the Superintendent of Insurance shall do with the process after he is *served.* By so construing the above mentioned statutes, they can be brought into harmony instead of being in conflict.

We are constrained to hold that Section 6005, supra, is a *service* and not a *venue* statute; that the clause in said section providing, ". . . in any action against said company, *instituted in any court of this state,* . . ." means *any court having jurisdiction* of the subject matter and the defendant.

It appearing from the record in this case that the suit was. not filed in the county *where the cause of action accrued,* or *where the defendant had an office or agent for the transaction of its usual and customary business,* it follows that the circuit court of Linn County did not have jurisdiction of the subject matter or the defendant. For that reason, the judgment should be reversed. It is so ordered. All concur.