H. Ross Johnston v. Progressive Life Insurance Company.—192 S. W. (2d) 649.

Kansas City Court of Appeals, Feb. 11, 1946.

*R. C. Southall* for appellant.

*E. M. Arnold* and *Haymes & Dickey* for respondent.

SPERRY, C.—This is a suit on a life insurance policy. Plaintiff is the beneficiary in a policy issued by defendant to Stella B. Johnston, deceased. Defendant's motion to dismiss plaintiff's petition on jurisdictional grounds was, by the circuit court, sustained. Plaintiff appeals.

While deceased resided in Greene County, Missouri, she applied for the policy in suit, which was issued by defendant, an Arkansas corporation. Defendant, at that time, was duly licensed to do business in Missouri and had previously filed with the insurance department its power of attorney constituting the Superintendent of Insurance as its agent for the service of process. Thereafter, defendant ceased doing business in Missouri and withdrew from the state; but the power of attorney remains on file and in force.

Insured died May 4, 1935, in Greene County. Plaintiff, the named beneficiary, is a resident of Jackson County where this suit was instituted. Defendant maintained no office or agent for the transaction of business in any county in this state.

The above facts are to be gleaned from the briefs of the respective parties and are not in controversy. The sole question presented is: Did the circuit court of Jackson County have jurisdiction to try the issues in a suit therein instituted on a life insurance policy issued by a foreign corporation, sole defendant, which corporation maintains no office or agent for the transaction of business within this state, insured having resided in Greene County at the time of her death?

The correct answer depends upon a proper construction of Sections 871, 874 and 6005, Revised Statutes Missouri 1939. Plaintiff contends that Section 6005 is a venue statute and that, under its provisions, a foreign insurance Company may be sued in *any* county of this state, regardless of where the cause of action accrued or whether or not such company there maintains an office or agent for the transaction of its usual business. There are many decisions to that effect. However, in a recent case, this court thoroughly re-

viewed the decisions and held that Section 6005, *supra*, is a service statute, not a venue statute. [McNabb v. National Life Insurance Company, 188 S. W. (2d) 523 l. c. 526.] Its provisions are not applicable in the case at bar.

The provisions of Section 874, *supra*, are controlling in this case. Suit must be brought, under circumstances here shown, in the county where the cause of action accrued or in a county where defendant maintains an agent or office for the transaction of its usual and customary business. McNabb v. National Liberty Insurance Company, *supra*.

When this action accrued, and when this suit was instituted, defendant did not maintain an agent or office in any county in this state. Therefore, suit must have been instituted in the county where this cause of action accrued, else no jurisdiction vested. Was that county Greene, where insured resided at the time of her death, or was it Jackson, the domicile of plaintiff?

In McNabb v. National Liberty Insurance Company, *supra*, we held that the cause of action, on a fire insurance policy, accrued in the county of Sullivan, where the fire occurred, not in the county of Linn, where the suit was instituted. In Roberts v. American National Assurance Company, 201 Mo. App. 239, l. c. 243, we said: "The cause of action on a life insurance policy accrues at the place where the insured dies." We held that, since insured did not die in Schuyler County, and since defendant maintained no agent or office there, the circuit court had no jurisdiction. That decision was called to the attention of the Supreme Court in State ex rel. Bank v. Davis, 314 Mo. 373, l. c. 380. The court said: "The cause of action did not accrue in Schuyler County, where the suit was instituted . . ." and, by inference, approved the decision on this point.

In Banker's Life Ass'n. v. Shelton, 84 Mo. App. 634, l. c. 638, a suit on a life policy, instituted by the widow in a county other than that where insured died, we held:

"The cause of action accrued at the place where it first came into existence; and it came into existence at the place where the right to the action arose; that is to say, at the place where the assured died. [Rippstein v. Ins. Co., 57 Mo. 86.]

"The action is transitory and if the assured died outside the state it would fix the place where the action accrued. . . . . ."

In Rippstein v. St. Louis Mutual Life Insurance Company, 57 Mo. 86, l. c. 87, the Supreme Court held that a cause of action on a life policy is transitory, follows the person of the insured, and accrues when and where he dies.

Plaintiff cites and relies on Lentz v. Evans & Howard Fire Brick Company, 11 S. W. (2d) 1070, l. c. 1071. In that case defendant had been sued in Phelps County on a breach of contract occurring in St. Louis where it maintained an office. Defendant had no office

in Phelps County. The court held that "The place of breach is usually the place of performance, and it is there the cause of action accrues," and held that venue was in St. Louis. Motherstadt v. Newman, 204 Mo. App. 619, 217 S. W. 591, is relied on as authority; and the court stated that it was there held that mere refusal to pay money, no place of payment being agreed upon, does not accrue the action at the place where the creditor resides or may be found when the refusal to pay is made. In the Motherstadt case, *supra*, 1. c. 623, the court said:

"There is no difficulty, therefore, in holding that the death of the insured or the destruction of the insured property accrues the cause of action and the place of such event fixes the place of bringing suit where as here the suit may be brought where the cause of action accrues."

The law is well séttled that a cause of action based on a life insurance policy accrues where insured's death occurrs. The judgment should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.