STATE ex rel. Leonard A. STAMM,
Relator,

v.

Waldo C. MAYFIELD and William Moore
and The Equitable Life Assurance Society
of the United States, Respondents.

No. 48190.

Supreme Court of Missouri,

En Banc.

Dec. 12, 1960.

Concurring Opinion Dec. 13, 1960.

Douglas W. O'Neill, St. Louis, for relator.

Adolph K. Schwartz, St. Louis, for respondents. Chapman, Schwartz, Chapman & Kroening, St. Louis, of counsel.

STORCKMAN, Judge.

This is an original proceeding in mandamus, the purpose of which is to require the respondent judge to proceed with an action in which the trial court quashed the service of the summons on the ground the venue was improper as to each defendant. The question involved is whether an action may be maintained against a foreign insurance company and its employee, or either of them, in the county where the insurance company maintains its principal office when the insurance company has not filed with the secretary of state a designation of a registered office and registered agent, and the codefendant employee resides in a county other than that in which the suit is brought.

The relator Leonard A. Stamm sued William Moore and The Equitable Life Assurance Society of The United States jointly in the Circuit Court of the City of St. Louis to recover damages arising out of an automobile collision. An agreed statement of facts stipulates that the accident occurred in the City of St. Louis where Stamm lived; that the insurance company, a New York corporation, maintains an office for the transaction of its business in the City of St. Louis which is its divisional office for Missouri and twelve other states; that summons was first served upon the insurance company by the sheriff of the City of St. Louis in that city, but subsequently the insurance company was summoned by the service of process upon the superintendent of insurance in Cole County; that the defendant Moore, alleged to be an employee and servant of the insurance company, was served with summons in the County of St. Louis, his place of residence, and that the defendant insurance company had not designated a registered office in Missouri pursuant to § 351.620 or § 351.370, RSMo 1949, V.A.M.S.

The defendants Moore and the insurance company appeared specially and each filed a separate motion to quash the summons and the return of service. The motions were heard and sustained by the respondent circuit judge at which time the court stated: "Ruling is based on case of State ex rel. v. James, 265 S.W.2d 298." In the oral argument, counsel for respondents conceded that, if the decision in the James case does not apply, the venue is properly in the City of St. Louis.

State ex rel. Whiteman v. James, 364 Mo. 589, 265 S.W.2d 298, 300, involved a casualty which occurred in Holt County. The plaintiff was a resident of Jackson County. The corporate defendant was a foreign corporation engaged in the baking business and licensed to do business in Missouri with its registered office and agent in the City of St. Louis, but it also maintained an office and transacted business in Jackson County. The individual defendant, alleged to be an agent and servant of the corporate defendant, resided in Andrew County. The suit was filed in Jackson County against the corporate and individual defendants. The corporate defendant was served with summons at its place of business in Jackson County and also upon its registered agent at the registered office in the City of St. Louis. The individual defendant was served in Andrew County, the place of his residence. On motion by the defendants, the action was ordered abated for want of proper venue in Jackson County. This court en banc sustained the ruling of the circuit court and held that venue was one of the purposes within the purview of the last sentence of § 351.375 subd. 4, RSMo 1949, V.A.M.S., which provides that the "location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained" and that the action joining both defendants could only be brought in the City of St. Louis, "the legal residence" of the cor-

porate defendant or in Andrew County where the individual defendant resided.

■ The General and Business Corporation Act of Missouri requires the corporations to which it applies to have and maintain in Missouri a registered office and a registered agent. It also provides how and when a corporation shall change its registered agent or the address of its registered office and specifies the capacity of the registered agent especially as regards service of process. Sections 351.370, 351.375 and 351.380 of the Act govern domestic corporations in this regard, and §§ 351.620, 351.625 and 351.630 apply to foreign corporations. But insurance companies are not within the purview of these statutes because they are among the corporations specifically excepted by these provisions of § 351.690: "The provisions of this chapter shall be applicable to existing corporations as follows:

"(1) Those provisions of this law requiring report, registration statements, antitrust affidavits, and the payment of taxes and fees, shall be applicable, to the same extent and with the same effect, to all existing corporations, domestic and foreign, which were required to make such reports, registration statements and antitrust affidavits, and to pay such taxes and fees, prior to the enactment of this law;

"(2) No provisions of this law, other than those mentioned in subdivision (1), shall be applicable to banks, trust companies, *insurance companies*, building and loan associations, savings bank and safe deposit companies, mortgage loan companies, and nonprofit corporations; * * *." Emphasis added.

The matters referred to in § 351.690(1) are the annual reports, statements and affidavits contemplated by § 351.120 through § 351.155 and not the provisions relating to registered offices and registered agents. The title of the Act also states that insurance companies are among the corporations

generally excepted. See Laws 1943, p. 410, and Volume 17, V.A.M.S., p. 329.

The statutes under which insurance companies are organized and regulated are Chapters 374 through 381. Section 375.210 requires insurance companies to execute a power of attorney appointing the superintendent of insurance as its agent to receive service of all lawful process. The statutes relating to the organization and regulation of various kinds of insurance companies are frequently said to comprise a complete code and the exception of insurance companies from the operation of The General and Business Corporation Act is in keeping with the public policy of the state as expressed in statutes and the decisions of this court. See Barker v. Leggett, Mo., 295 S.W.2d 836, 840 [2].

Since foreign *insurance* corporations are not required to designate a registered office and registered agent under the general corporation laws, the construction placed upon § 351.375 subd. 4 by State ex rel. Whiteman v. James, supra, has no application in the present case. There is at least one other cogent reason why State ex rel. Whiteman v. James is not decisive of this case.

Section 351.375 applies to foreign corporations only to the extent that § 351.625 incorporates it by reference, and the last sentence of § 351.375 which was the basis of the James decision is not properly includable in the reference. Section 351.625 which contains the reference to § 351.375 reads as follows:

"A foreign corporation may from time to time change the address of its registered office. A foreign corporation shall change its registered agent if the office of registered agent shall become vacant for any reason, or if its registered agent becomes disqualified or incapacitated to act, or if it revokes the appointment of its registered agent. Any such change either in the registered office or in the registered agent shall be made *in the manner* as prescribed in

section 351.375." Emphasis added. The primary definition of *manner* in Webster's New International Dictionary, 2d Ed., is: "1. A way of acting; a mode of procedure; the mode or method in which something is done or in which anything happens; way; mode; * * *." Obviously that is the meaning the statute intends.

The first two sentences of § 351.375 are substantially the same as those of § 351.625. Section 351.375 then specifies in considerable detail the contents and form of execution of the statement that must be filed with the secretary of state regarding the change, the recording requirements and the effective day of the change. The last sentence of § 351.375 reads as follows: "The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained." Since this sentence has nothing to do with the *manner* of changing registered offices or agents, it cannot be said to be incorporated by reference into § 351.625 relating to foreign corporations.

■ The source of § 351.375 is § 12 of the 1933 Illinois Business Corporation Act which is also § 157.12, Ch. 32, Smith-Hurd Illinois Annotated Statutes. The Illinois and Missouri statutes are practically identical except that the Illinois statute does not contain the "location or residence" sentence of § 351.375. This sentence was in § 10 of House Bill 64 when it was introduced and it remained without change in the Committee Substitute for House Bill 64 which was passed by the general assembly and approved by the governor. Laws 1943, p. 420. The journals of the general assembly reveal that very few amendments were made to the bill in either house and none to the section in question. There is nothing in the legislative history of the Act which sheds any light upon the purpose or legislative intent of the sentence or the phrase "for all purposes" or why it was added to this particular section. The meaning must be determined solely from the language used and its context and in keeping with other statutes of the same or similar nature. State ex rel. Columbia National Bank v. Davis, 314 Mo. 373, 284 S.W. 464, 470. One of the cognate statutes would be § 351.380 which provides that the registered agent shall be an agent of the corporation upon whom process can be served and, if the corporation fails to appoint such an agent, that the service may be upon the secretary of state. But § 351.380 further provides that its provisions shall not "limit or affect the right to serve any process, notice, or demand required or permitted by law to be served upon a corporation in any other manner now or hereafter permitted by law." See also § 351.630 subd. 2.

■ State ex rel. Whiteman v. James, 364 Mo. 589, 265 S.W.2d 298, dealt with a foreign corporation but not an insurance company. We have examined our files and the briefs in the James case and find that each party presented his case as if the last sentence of § 351.375 subd. 4 were applicable although the relator questioned its constitutionality while the respondent claimed its advantages for the foreign corporation. The contention that § 351.625 did not have the effect of incorporating by reference the last sentence of § 351.375 into the foreign corporation statutes was not presented. To the extent that it holds that the last sentence of § 351.375 is applicable to foreign corporations, State ex rel. Whiteman v. James is disapproved. Because the corporation involved in the present case is both an insurance company and a foreign corporation, the James case is not controlling. Since State ex rel. O'Keefe v. Brown, 361 Mo. 618, 235 S.W.2d 304, involved a domestic corporation, no case is presented for a re-examination of the construction placed upon the phrase "for all purposes" appearing in the last sentence of § 351.375 subd. 4.

■ Section 375.210 under which this foreign insurance company has empowered the superintendent of insurance as its agent to accept service of process is a service, not a venue, statute. State ex rel. Standard

Fire Insurance Co. v. Gantt, 274 Mo. 490, 203 S.W. 964, 968 [4]; McNabb v. National Liberty Insurance Co., 239 Mo.App. 435, 188 S.W.2d 523, 525 [5]; Johnston v. Progressive Life Insurance Co., 239 Mo. App. 184, 192 S.W.2d 649, 650 [1].

■ Venue in a suit against a foreign insurance company and an individual is governed by § 508.010 subd. 2 which provides that when there are several defendants and they reside in different counties, the suit may be brought in any such county. State ex rel. Henning v. Williams, 345 Mo. 22, 131 S.W.2d 561, 564 [5]; State ex rel. Baker v. Goodman, 364 Mo. 1202, 274 S.W. 2d 293, 296–297 [1, 2].

■ The venue in this case is proper and it follows that the court erred in sustaining the motions and quashing the summons and service of process as to each defendant. It is ordered that our peremptory writ of mandamus be issued.

HYDE, C. J., and WESTHUES and DALTON, JJ., concur.

EAGER and HOLLINGSWORTH, JJ., concur in result.

LEEDY, J., concurs in separate opinion filed.

LEEDY, Judge.

I concur in the result reached by the principal opinion and also in that part of it down to and including that part of the second paragraph on page 4 reading as follows: "Since foreign *insurance* corporations are not required to designate a registered office and registered agent under the general corporation laws, the construction placed upon § 351.375 subd. 4 by State ex rel. Whiteman v. James, [364 Mo. 589, 265 S.W.2d 298], has no application in the present case." The ruling just quoted effectively disposed of the pivotal issue in the instant proceeding, but, notwithstanding this, the opinion goes on and would gratuitously disapprove State ex rel. Whiteman v. James "to the extent that it holds that the last sentence of § 351.375 is applicable to foreign corporations." The parties in the instant proceeding had not taken any such position. As the author of the Whiteman opinion, I would reexamine that case when the question of its correctness has been challenged and is a live issue, so that it may be considered upon adequate briefs. For these reasons, my concurrence is limited as above indicated.