STATE of Missouri ex rel. MILLER'S MUTUAL INSURANCE ASSOCIATION OF ILLINOIS, Relator,

v.

Honorable James L. SANDERS, Judge, Circuit Court of the City of St. Louis, State of Missouri, Respondent.

No. 59350.

Supreme Court of Missouri, En Banc.

July 12, 1976.

Emmett M. O'Brien, St. Louis, for relator.

Robert E. Staed, St. Louis, for respondent.

FINCH, Judge.

■ This is a consolidation of two original proceedings in prohibition which seek to prevent respondent from taking any further action in two cases filed in the Circuit Court of the City of St. Louis.[1] The basis of relator's contention is that under § 508.-040,[2] the applicable venue statute, venue in these two cases does not lie in the City of St. Louis and respondent should have sustained relator's motions to dismiss for lack of venue. We now make permanent the provisional rule in prohibition heretofore issued, prohibition being an appropriate remedy where venue is improper. *State ex rel. Toberman v. Cook,* 365 Mo. 274, 281 S.W.2d 777 (banc 1955).

Relator, an Illinois insurance corporation licensed to transact insurance business in Missouri, is the defendant in separate causes of action filed against it in the Circuit Court of the City of St. Louis by Rodney N. Lumley and Alice Sumner, both residents of the City of St. Louis. Plaintiffs in said suits, relying on uninsured motorist coverage provisions in policies issued to them by relator, seek recovery for damages received in separate accidents with uninsured motor-

---

1. Relator complied with rule 84.22 by first seeking a writ of prohibition in the Missouri Court of Appeals, St. Louis District. That court denied the applications after which relator sought relief in this court.

2. Statutory references are to RSMo 1969 unless specified otherwise.

ists which occurred in St. Louis County. Relator, specially limiting its appearances for the purpose of the motions, filed motions to dismiss on the basis of lack of venue in the City of St. Louis. These motions were overruled and the petitions for writ of prohibition followed.

The applicable venue statute is § 508.040 which in pertinent part provides as follows:

"Suits against corporations shall be commenced either in the county where the cause of action accrued . . . or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

It is undisputed that the suits by Lumley and Sumner cannot be maintained in the City of St. Louis on the basis that relator company has an office or agent for the transaction of its usual and customary business there because it maintains no office in the City of St. Louis. It does have an office in St. Louis County. Hence, if there is venue in the City of St. Louis, it must be on the basis that the causes of action accrued there.

Pointing out that the courts of Missouri have held that actions to recover under the uninsured motorist coverage of an insurance contract are actions in contract, *Crenshaw v. Great Central Insurance Co.,* 527 S.W.2d 1 (Mo.App.1975), *Noland v. Farmers Insurance Exchange,* 413 S.W.2d 530 (Mo. App.1967), *Hill v. Seaboard Fire & Marine Insurance Co.,* 374 S.W.2d 606 (Mo.App. 1963), respondent argues that a cause of action in contract accrues when and where payment thereunder should be but is not made. In this case, says respondent, this was in the City of St. Louis where both insureds live.

On the other hand, relator argues that the occurrence giving rise to a cause of action by an insured to recover under uninsured motorist coverage policy provisions is the accident involving an uninsured motorist. Since both accidents occurred in St. Louis County, it is relator's position that the causes of action accrued there.

It is true, as respondent points out, that in *Crenshaw, Noland,* and *Hill* it has been held that actions to recover pursuant to uninsured motorist coverage are actions in contract. However, those cases did not hold that the causes of action are based on breach of a contract or that they accrue in the county where insured resides. As a matter of fact, *Hill* held that the plaintiff-insured has the burden to establish that the other motorist was uninsured, that he was legally liable to insured for injuries received and the amount of damages. Until the plaintiff-insured has sustained his burden of so establishing, the insurer has not breached any provision of the contract of insurance relative to uninsured motorist coverage. Such a situation differs materially from one involving simply a refusal to pay a sum due under a contract.

This distinction was recognized in *Moherstadt v. Harry Newman, Inc., Motor Cars,* 204 Mo.App. 619, 217 S.W. 591 (1920). In discussing venue in that case, the court stated, 217 S.W. at 592:

"* * * Many of the cases cited and relied on by plaintiff do not deal with a mere refusal to pay or perform a contract obligation, but are cases for damages on tort or cases which, though bottomed on contract, involve acts which are held to accrue the cause of action, which in reality create the cause of action. Of this latter class of cases are insurance cases for, while bottomed on contract, they are not suits for breach of contract, since it cannot be said that the loss of property by fire or the death of the insured is a breach of the insurance contract, but rather that the loss or death first brings the cause of action into being. There is no difficulty, therefore, in holding that the death of the insured or the destruction of the insured property accrues the cause of action, and the place of such event fixes the place of bringing suit where, as here, the suit may be brought where the cause of action accrues. * * * *"

Various Missouri decisions support what the court said in *Moherstadt.* In *Johnston*

*v. Progressive Life Ins. Co.,* 239 Mo.App. 184, 192 S.W.2d 649 (1946), plaintiff, the beneficiary in a life insurance policy, brought suit after death of the insured to recover the death benefit provided in the policy. The insured had died in Greene County but plaintiff brought suit in Jackson County where he resided. The court of appeals affirmed the action of the trial court in dismissing the case for lack of venue, holding that the cause of action came into being where and when the insured died and that the county where the death occurred was where the cause of action accrued. In so holding the court said, 192 S.W.2d at 650: "The law is well settled that a cause of action based on a life insurance policy accrues where insured's death occurs." Other cases so holding include *Roberts v. American National Assurance Co.,* 201 Mo.App. 239, 212 S.W. 390 (1919); *Bankers Life Assn. v. Shelton,* 84 Mo.App. 634 (1900); and *Rippstein v. St. Louis Mutual Life Insurance Co.,* 57 Mo. 86 (1874).

Similarly, Missouri courts have held that under a statute establishing venue at the place where the cause of action accrues, the cause of action for recovery on a fire insurance policy accrues where the property is destroyed by fire. *McNabb v. National Liberty Ins. Co. of America,* 239 Mo.App. 435, 188 S.W.2d 523 (1945); *Wicecarver v. Mercantile Town Mut. Ins. Co.,* 137 Mo.App. 247, 117 S.W. 698 (1909). It does not accrue in the county where insured resides on the theory that payment is to be made there.

■ Applying the reasoning of the foregoing cases, we conclude and hold that the cause of action for recovery under the uninsured motorist coverage of an insured's liability policy accrues where the accident with the uninsured motorist occurs. This conclusion is consistent with the reasoning and result in *Continental Casualty Co. v. Thomas,* 458 S.W.2d 863 (Tex.Civ.App.1970), a suit seeking recovery on the basis of uninsured motorist coverage. The Texas venue statute, Art. 1995 § 23, Tex.R.Civ.St. (1969), authorized suit "in the county in which the cause of action or part thereof arose". The court held that for venue purposes the cause of action to recover for uninsured motorist coverage accrued in the county where the collision with the uninsured motorist occurred. In so holding, the court said, 458 S.W.2d at 864:

"Appellees had no cause of action against appellant by virtue of the provisions of the 'uninsured motorist's insurance' until they were injured by the acts of Montgomery, the uninsured driver of the automobile. Appellees could not recover until it was shown that Montgomery caused the damage. It was the negligent acts of Montgomery that caused the damage. Consequently, appellees were injured in Potter County where the cause of action or a part thereof arose * * ."

Respondents seek to distinguish this case on the basis that the statute, unlike ours, authorized suit in the county where the cause of action "or a part thereof" accrued. We perceive no basis for making a distinction on that basis. The reasoning of the court indicates clearly that a similar result would follow even if the language as to a part of the cause of action were eliminated.

Respondent's brief cites and relies on *Gardner Engineering Corp. v. Page Engineering Co.,* 484 F.2d 27 (8th Cir. 1973); *Deering Milliken Research Corp. v. Textured Fibers, Inc.,* 310 F.Supp. 491 (D.S.C. 1970); *State ex rel. Cummins v. Eversole,* 332 S.W.2d 53 (Mo.App.1960); and *Wood v. Saylor Tie & Timber Co.,* 67 S.W.2d 826 (Mo.App.1934). They are not comparable and are not persuasive in this case. *Gardner* dealt with a claim for anticipatory breach of a contract, *Deering* was an action to recover underpayments under a licensing agreement, *Eversole* involved negligent failure to repair a car, and *Wood* was a suit to recover for breach of contract for sale of railroad ties.

Respondent also cites 44 Am.Jur.2d, Insurance, § 1898 (1969), which indicates that the cause of action for breach of an obligation to pay a loss under an insurance policy accrues in the county of insured's residence. In a footnote to the above statement, the case of *Halliwill v. Mutual Service Casualty*

*Insurance Co.,* 257 Minn. 252, 100 N.W.2d 817 (1960), is cited. It is obvious that *Halliwill* and the quoted text from Am.Jur.2d are inconsistent with what Missouri courts have held in *Moherstadt, Johnston, Roberts, Bankers Life, Rippstein, McNabb* and *Wicecarver.* We decline to overrule those cases.

■ It follows that venue in the *Lumley* and *Sumner* cases is not vested in the Circuit Court of the City of St. Louis.

Writ permanent.

All concur.